UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, CAROL CLEMENS, FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and WILLIAM HULL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>UNITEDHEALTH GROUP, INC., UNITEDHEALTHCARE, INC., NAVIHEALTH, INC., and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 23-cv-3514 (JRT/DTS)<br><br><br><br><br><br>**RULE 26(f) REPORT** |

_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on **June 17, 2024,** and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **June 25, 2024**, at **10:30 a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. The parties will submit a joint request that the conference be held remotely.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

**TRIAL BY MAGISTRATE JUDGE**

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement

conference presided over by a magistrate judge in this district. **If, but only if, the parties consent to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.**

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do not** wish to receive a date certain for trial at the Rule 16(a) conference.

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiffs' claims:

   This is a proposed class action in which Plaintiffs allege that improperly delegate their health insurance claims review function to an algorithm called nH Predict. According to the First Amended Complain, Defendants use nH Predict to make claims determinations for post-acute care claims (such as inpatient rehab and skilled nursing care) within their Medicare Advantage plans. The nH Predict algorithm fabricates an estimated amount of time a patient should require care by examining surface-level patient demographic information and comparing the patient to other previous claimants with similar demographic information. Defendants' coverage determinations are not based on the facts, circumstances, and medical recommendations of the patient they are making determinations for, but instead on the past medical requirements of other patients. In making these determinations, Defendants fail to conduct any individualized or holistic review of the merits of the patients' claims. Additionally, Defendants do not use nH Predict as merely a part of their claims determination process, but as the sole deciding factor in how much care a patient receives. Defendants force their registered nurse and physician claims review employees to adhere precisely to the determination issued by nH Predict and does not afford them any autonomy to make determinations based on the merits of the claims. Plaintiffs challenge the use of this flawed algorithm to make coverage determinations.

   Accordingly, Plaintiffs allege that Defendants' conduct breached the insurance agreements between the parties, breached the implied covenant of good faith and fair dealing, were unjustly enriched, acted in bad faith in reviewing Plaintiffs' insurance claims, and violated several state statutes by using the nH Predict algorithm to make coverage determinations.

2. Concise factual summary of Defendants' claims/defenses:

   Plaintiffs' claims are both factually and legally baseless. Plaintiffs' complaint asserts the sensational claim that Defendants deny coverage for inpatient care to Medicare Advantage enrollees based on decisions made by artificial intelligence

to override treating physician judgments. This assertion is factually false, lacks evidentiary support and is based on an unreasonable inquiry into the facts. Although Defendant naviHealth uses a data tool to assist front line staff to coordinate care with members' families, only physicians make coverage determinations based on their clinical judgment and the good faith application of criteria mandated by government regulations.

Plaintiffs' claims are also legally deficient. As outlined in Defendants' Motion to Dismiss the Amended Complaint, the Medicare Act preempts all of Plaintiffs' claims requiring dismissal of the Amended Complaint in its entirety. Even if Plaintiffs had pleaded a Medicare Act claim, which they do not, such claim would fail because, among other things, Plaintiffs failed to exhaust the mandatory administrative appeal process and have sued the wrong party.

3. Statement of jurisdiction (including statutory citations):

The parties dispute whether this Court has subject matter jurisdiction over Plaintiffs' claims. This dispute is argued in detail in the briefing for Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.

Plaintiffs' position is that this Court has subject matter jurisdiction over Plaintiffs' claims under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (1) the amount in controversy exceeds $5 million, (2) the proposed Class exceeds 100 members, and (3) there is minimal diversity between the parties.

Defendants' position is that, as described in Defendants' Motion to Dismiss, Defendants believe that this Court lacks jurisdiction over the claims because they are preempted, and any Medicare Act claim has not been exhausted. To the extent Plaintiffs are deemed to have stated a claim for which exhaustion is satisfied or excused, this Court has exclusive subject matter jurisdiction over this Medicare Act case pursuant to 42 U.S.C. §§ 405(g), 1395ff(b)(1)(A); 28 U.S.C. § 1331. No issues exist regarding personal jurisdiction. There is no dispute as to venue with respect to claims brought by individual Plaintiffs residing in Minnesota; Defendants contend that venue is improper for all other claims. 42 U.S.C. § 405(g).

The parties agree that this Court has personal jurisdiction over Defendants.

4. Summary of factual stipulations or agreements:

The parties have not agreed to any factual stipulations.

5. Statement of whether a jury trial has been timely demanded by any party:

> Plaintiffs have timely demanded a jury trial.
>
> Defendants do not believe a jury trial is available for these claims.  The parties will present this dispute to the Court at a later, appropriate time.

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

> The parties **do not** agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

> All process has been served on the named Defendants; Defendants Does 1-50 have not been identified or served. Plaintiffs have filed a Complaint and a First Amended Complaint, and currently have no plans to amend pleadings or add additional parties to the action.
>
> The pleadings have not yet closed. Defendants moved to dismiss the Amended Complaint in its entirety on May 20, 2024.  The agreed-upon briefing schedule provides for a response brief on June 24, 2024 and a reply brief on July 15, 2024. No hearing date has yet been set on the motion to dismiss.
>
> In light of the pending motion, Defendants have not filed an answer.  Defendants believe the case should be fully dismissed.  In the event it is not fully dismissed, the date on which an answer would be due cannot be predicted at this time.

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

> The parties disagree as to whether discovery should be stayed pending an order on Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint. The parties have agreed to two sets of proposed deadlines and limitations, dependent upon the outcome of Defendants' imminent Motion to Stay Discovery:

1. If discovery shall not be stayed, the parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **July 25, 2024**. If discovery shall be stayed, the parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before

4

the **30th day after the Court issues its order on Defendants' Motion to Dismiss**. If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2. If discovery shall not be stayed, the parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **December 30, 2025**. If discovery shall be stayed, the parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 on or before **18 months after the Court issues its order on Defendants' Motion to Dismiss.**[1]

    The parties disagree as to whether any physical or mental examinations under Fed. R. Civ. P. 35 are appropriate in this case. Plaintiffs' position is that such examinations are unwarranted. The parties agree that if Defendants wish to conduct any such examinations, the procedure for obtaining an order for Rule 35 examination shall be governed by Fed. R. Civ. P. 35.

3. If discovery shall not be stayed the parties must commence fact discovery procedures in time to be completed by **December 30, 2025**. If discovery shall be stayed, the parties must commence fact discovery procedures in time to be completed by **18 months after the Court issues its order on Defendants' Motion to Dismiss.**

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

    a. The parties dispute the interrogatory limit.

        i. Plaintiffs propose a limit of no more than 50 interrogatories;

        ii. Defendants propose a limit of no more than 25 interrogatories per side;

    b. **50** document requests;

    c. **30** requests for admission. The parties have discussed the protocol for the authentication of documents and agree on the following:

    d. The parties dispute the deposition limit.

---

[1] Defendants' request for Rule 35 examinations is contingent on Plaintiffs' claims for emotional distress.

      i. Plaintiffs propose a limit of no more than 20 factual depositions per side.

      ii. Defendants propose a limit of no more than **120 hours** of factual depositions per side. This proposal is for fewer deposition hours than Plaintiffs' 20-deposition proposal, but allows for the possibility of multiple short depositions. Given that relevant factual issues include the medical necessity of continued inpatient stay in a skilled-nursing facility for each of the 8 named Plaintiffs, it is foreseeable that multiple depositions (of caregivers, facilities, medical professionals, etc.) will be required for each named Plaintiff's claim, but that these depositions will be short. Defendants request a limit on the number of deposition hours, to fairly allow each side adequate time to develop its case without unfairly burdening the other party.

e. The parties disagree as to the number of Rule 35 medical examinations:

      i. Plaintiffs contend that **no** Rule 35 medical examinations be held;

      ii. Defendants suggest a limit of **1** Rule 35 medical examination for each Plaintiff;

f. The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: All Rule 30(b)(6) deposition notices must be served no later than **September 30, 2025** (if discovery shall not be stayed) or no later than **15 months after the Court issues its order on Defendants' Motion to Dismiss** (if discovery is stayed). The parties will meet and confer regarding further deposition protocols, including protocols for Rule 30(b)(6) witnesses and allocation of time for direct and cross for all witnesses.

## EXPERT DISCOVERY

1. The parties anticipate that they **will** require expert witnesses at the time of trial.

    a. The Plaintiffs anticipate calling **5** expert witnesses.

    b. The Defendants anticipate calling **3** experts in the fields of: medicine, economics, and/or data science.

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Expert Disclosures

      i. The identity of any expert who any Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **February 1, 2026**, if discovery is not to be stayed. If discovery is to be stayed, it must be served on or before **20 months after the Court issues its order on Defendants' Motion to Dismiss**.

      ii. The identity of any expert who any Defendant may call to testify at trial and the written report complete in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **April 1, 2026,** if discovery is not to be stayed. If discovery is to be stayed, it must be served on or before **22 months after the Court issues its order on Defendants' Motion to Dismiss**.

3. If discovery shall not be stayed, all expert discovery, including expert depositions, must be completed by **June 1, 2026**. If discovery shall be stayed, all expert discovery must be completed by **24 months after the Court issues its order on Defendants' Motion to Dismiss**.

## OTHER DISCOVERY ISSUES

1. Protective Order

    The parties have discussed whether they believe that a protective order is necessary to govern discovery, in particular because this case will involve Protected Health Information ("PHI"), and will jointly submit a proposed protective order or report identifying any areas of disagreement no later than the dates identified for submission of an ESI protocol in Section 2 below. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge that they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. Discovery of Electronically-Stored Information

    The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

    If discovery shall not be stayed, the parties will further meet and confer by **July 15, 2024**, to discuss their plan or formal protocol for electronic discovery. If discovery shall be stayed, the parties will meet and confer by **the 30th day after the Court issues its order on Defendants' Motion to Dismiss.** They agree to present any

      disputes regarding an electronic discovery plan and protocol to the Court within **fourteen days following the meet and confer**.

3. Claims of Privilege or Protection

   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and:

   a. Will include their agreement in their proposed Protective Order.

## MOTION SCHEDULE

The parties proposed the following deadlines for filing motions:

1. If discovery shall not be stayed, motions seeking to join other parties must be filed and served by **January 15, 2025**. If discovery shall be stayed, they must be filed and served by **the 30th day after the Court issues its order on Defendants' Motion to Dismiss**.

2. If discovery shall not be stayed, motions seeking to amend the pleadings must be filed and served by **January 15, 2025**. If discovery shall be stayed, they must be filed and served by **the 30th day after the Court issues its order on Defendants' Motion to Dismiss**.

3. Non-Dispositive Motions

   a. All non-dispositive motions relating to *fact* discovery must be filed and served no later than 14 days after the close of fact discovery.

   b. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served no later than 14 days after the close of expert discovery.

4. Dispositive Motions: If discovery shall not be stayed, all dispositive motions other than class certification must be served and filed by **May 11, 2026** or **2 months after the Court issues its order on a motion for class certification, whichever is later**. If discovery shall be stayed, they must be filed and served by **25 months after the Court issues its order on Defendants' Motion to Dismiss** or **2 months after the Court issues its order on a motion for class certification, whichever is later**.

5. Class Certification: The parties agree that any motion for class certification should be decided before briefing on any summary judgment motions that may be applied to any class. The parties will confer and will submit a proposed schedule for class certification at a later time.

8

## TRIAL

1. Ready for trial:

    a. Plaintiffs propose that the case will be ready for trial on or after **February 1, 2027**, if discovery is not stayed. If discovery is stayed, Defendants propose a trial ready date of **13 months after the close of fact discovery.**

    b. Defendants state that no trial (jury or bench) is appropriate for these claims. To the extent a trial is deemed appropriate, Defendants do not oppose Plaintiffs' proposed trial ready dates.

    c. The anticipated length of the **jury trial** is **14 days**.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

> At this time, Defendants believe that any portion of a possible judgment for which Defendants may be responsible would be covered through Defendants' self-insurance, not through policies issued by external insurance carriers.

## SETTLEMENT

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

> The parties proposed that a settlement conference be scheduled to take place before **May 11, 2026**.

Dated: June 18, 2024

*s/ David W. Asp*
**LOCKRIDGE GRINDAL NAUEN PLLP**
Karen Hanson Riebel (#0219770)
David W. Asp (#0344850)
Derek C. Waller (#0401120)
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com
dwasp@locklaw.com
dcwaller@locklaw.com

**CLARKSON LAW FIRM, P.C.**
Glenn A. Danas
Ryan J. Clarkson
Zarrina Ozari
*Pro Hac Vice*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
gdanas@clarksonlawfirm.com
rclarkson@clarksonlawfirm.com
zozari@clarksonlawfirm.com

**HAUSFELD LLP**
James Pizzirusso
Nicholas Murphy
*Pro Hac Vice*
888 16th St. NW
Suite 300
Washington, DC 20006
Tel: (202) 540-7200
jpizzirusso@hausfeld.com
nmurphy@hausfeld.com

*Attorneys for Plaintiffs*

10

| | |
|---|---|
| Dated: June 18, 2024 | <u>s/ Shannon L. Bjorklund</u><br>**DORSEY & WHITNEY LLP**<br>Nicole Engisch (#0215284)<br>Michelle S. Grant (#0311170)<br>Shannon L. Bjorklund<br>David C. Racine (#0401060)<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>Telephone: (612) 340-2600<br>Facsimile: (612) 340-2868<br>engisch.nicole@dorsey.com<br>grant.michelle@dorsey.com<br>bjorklund.shannon@dorsey.com<br>racine.david@dorsey.com<br><br>**DORSEY & WHITNEY LLP**<br>Nicholas J. Pappas (Pro Hac Vice)<br>51 West 52nd Street<br>New York, NY 10019-6119<br>Telephone: (212) 415-9387<br>pappas.nicholas@dorsey.com<br><br>*Attorneys for Defendants* |