# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Estate of Gene B. Lokken, Glennette Kell, Darlene Buckner, Carol Clemens, Frank Chester Perry, The Estate of Jackie Martin, John J. Williams, as Trustee of the Miles and Carolyn Williams 1993 Family Trust, and William Hull, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>UnitedHealth Group Incorporated, United Healthcare, Inc., naviHealth, Inc., and Does 1-50, inclusive,<br><br> Defendants. | Case No. 23-cv-03514-JRT-DJF<br><br>**JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with Defendants' Motion to Dismiss the Complaint, ECF No. 20, and Defendants' Motion to Dismiss the Amended Complaint, ECF No. 41. Pursuant to L.R. 5.6 and the Order Regarding Filing Documents Under Seal Pursuant to L.R. 5.6, ECF No. 61, the parties submit this Joint Motion Regarding Continued Sealing.

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 22 | 23 | Defendants' Sealed Memorandum in Support of Defendants' Motion to Dismiss. | Parties agree that information re: Plaintiffs' medical history should remain sealed. The redacted information is derived from documents sought to be sealed and referenced below. | N/A | Confidential medical information. |
| 25-1 | | Gene Lokken's QIO Initial Determination dated July 20, 2022. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-2 | | Gene Lokken's QIO Reconsideration Determination dated August 1, 2022. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-3 | | Gene Lokken's ALJ Decision dated February 13, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-4 | | Gene Lokken's Medicare Appeals Council Decision dated August 28, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 25-5 | | Gene Lokken's ALJ Decision dated November 16, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-6 | | Gene Lokken's Medicare Appeals Council Appeal dated January 4, 2023 [*sic*]. The year 2023 appears to be a typo; the date should read "January 4, 2024." | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-7 | | Dale Henry Tetzloff's QIO Initial Determination dated December 18, 2022. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-8 | | Dale Henry Tetzloff's QIO Reconsideration Determination dated December 30, 2022. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 25-9 | | Dale Henry Tetzloff's ALJ Decision dated April 4, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 43 | 44 | Defendants' Sealed Memorandum of Law in Support of Motion to Dismiss Amended Complaint. | Parties agree that information re: Plaintiffs' medical history should remain sealed. The redacted information is derived from documents sought to be sealed and referenced below. | N/A | Confidential medical information. |
| 46-1 | | Notice of Denial of Medical Coverage dated July 24, 2023, for Plaintiff William Hull's Skilled Nursing Facility ("SNF") services. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-2 | | Medical Director Appeal Determination dated November 18, 2023, for Darlene Buckner's pre-service request for SNF services. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 46-3 | | Notice of Medicare Non-Coverage for Darlene Buckner dated November 28, 2023, providing notice that coverage for SNF services will end November 30, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-4 | | Jackie Martin's QIO Initial Determination dated May 4, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-5 | | Jackie Martin's QIO Initial Determination dated May 11, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-6 | | Notice of Medicare Non-Coverage for Jackie Martin providing notice that coverage for SNF services will end May 18, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 46-7 | | Carolyn Williams's QIO Initial Determination dated March 23, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-8 | | Notice of Medicare Non-Coverage for Carolyn Williams providing notice that coverage for SNF services will end April 3, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-9 | | Carolyn Williams's QIO Initial Determination dated May 24, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-10 | | Glennette Kell's QIO Initial Determination dated September 16, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-11 | | Glennette Kell's QIO Initial Determination dated September 27, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 46-12 | | Glennette Kell's QIO Initial Determination dated October 3, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-13 | | Glennette Kell's QIO Initial Determination dated October 10, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-14 | | Glennette Kell's QIO Reconsideration Determination dated October 24, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-15 | | Carol Clemens's QIO Initial Determination dated December 29, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-16 | | Carol Clemens's QIO Reconsideration Determination dated January 10, 2024. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-17 | | Carol Clemens's QIO Initial Determination | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| | | dated February 15, 2024. | | | |
| 46-18 | | Carol Clemens's QIO Reconsideration Determination dated February 24, 2024. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-19 | | Frank Perry's QIO Initial Determination dated May 12, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-20 | | Frank Perry's QIO Initial Determination dated May 18, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-21 | | Frank Perry's QIO Reconsideration Determination dated May 29, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-22 | | Frank Perry's QIO Initial Determination dated December 20, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| 46-23 | | Gene Lokken's QIO Initial Determination dated July 20, 2022. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-24 | | Gene Lokken's QIO Reconsideration Determination dated August 1, 2022. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-25 | | Gene Lokken's ALJ Decision dated February 13, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-26 | | Gene Lokken's Medicare Appeals Council Decision dated August 28, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-27 | | Gene Lokken's ALJ Decision dated November 16, 2023. | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |
| 46-28 | | Gene Lokken's appeal to the Medicare Appeals Council Appeal dated January 4, 2023 [sic]. The year | Parties agree entire document should remain sealed. | N/A | Confidential medical information. |

| Dkt No. | Dkt No. of Redacted Version (if Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Doc Confidential | Reason why Document Should Remained Sealed |
|---|---|---|---|---|---|
| | | 2023 appears to be a typo; the date should read "January 4, 2024." | | | |

| | |
|---|---|
| Dated: August 5, 2024 | ATTORNEYS FOR DEFENDANTS |

By *s/ Michelle S. Grant*
Nicole Engisch (#0215284)
engisch.nicole@dorsey.com
Michelle S. Grant (#0311170)
grant.michelle@dorsey.com
Shannon L. Bjorklund (#0389932)
bjorklund.shannon@dorsey.com
David C. Racine (#0401060)
racine.david@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Nicholas J. Pappas (admitted *pro hac vice*)
pappas.nicholas@dorsey.com
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9387

ATTORNEYS FOR PLAINTIFFS

By *s/ Michael A. Boelter*
Karen Hanson Riebel (#0219770)
David W. Asp (#0344850)
Derek C. Waller (#0401120)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com
dwasp@locklaw.com
dcwaller@locklaw.com

Glenn A. Danas (*pro hac vice*)
Ryan Clarkson (*pro hac vice*)
Zarrina Ozari (*pro hac vice*)
Michael A. Boelter (*pro hac vice*)
CLARKSON LAW FIRM, P.C.

11

22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
gdanas@clarksonlawfirm.com
rclarkson@clarksonlawfirm.com
zozari@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

James Pizzirusso (*pro hac vice*)
Nicholas U. Murphy (*pro hac vice*)
HAUSFELD LLP
888 16th St. NW, Suite 300
Washington, DC 20006
Tel: (202) 540-7200
jpizzirusso@hausfeld.com
nmurphy@hausfeld.com

Steven M. Nathan (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
snathan@hausfeld.com