UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Estate of Gene B. Lokken, Glennette Kell, Darlene Buckner, Carol Clemens, Frank Chester Perry, The Estate of Jackie Martin, John J. Williams, as Trustee of the Miles and Carolyn Williams 1993 Family Trust, and William Hull, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>UnitedHealth Group Incorporated, United Healthcare, Inc., naviHealth, Inc., and Does 1-50, inclusive.,<br><br>     Defendants. | Case No. 23-cv-3514 (JRT/DJF)<br><br>**ORDER** |

  This is a putative class action in which the Plaintiffs allege Defendants improperly denied their medical insurance claims for medically necessary care based on artificial intelligence models. (*See* ECF No. 1.) This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 66) filed in connection with Defendants' Memorandum of Law in Support of their Motion to Dismiss the Class Action Complaint (ECF No. 22) and supporting exhibits (ECF Nos. 25-1 to 25-9); and Defendants' Memorandum of Law in Support of their Motion to Dismiss Amended Complaint (ECF No. 43) and supporting exhibits (ECF Nos. 46-1 to 46-28). Defendants also publicly filed redacted versions of their memoranda (ECF Nos. 23, 44), along with statements indicating that it is impractical to redact their exhibits (ECF No. 26, 47). The parties agree the documents should remain under seal because the redacted portions of the memoranda and sealed exhibits contain confidential medical information. (ECF No. 66.)

  Parties may seal documents in a civil case "only as provided by statute or rule, or with leave

of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the legitimate interests of maintaining the confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d. Cir. 1995)).

Defendants filed their Memorandum of Law in Support of their Motion to Dismiss the Class Action Complaint (ECF No. 22) and supporting exhibits (ECF Nos. 25-1 to 25-9) in connection with their Motion to Dismiss Class Action Complaint (ECF No. 20) on February 5, 2024. The parties subsequently filed, and the Court approved, a Joint Stipulation to Amend Complaint. (ECF Nos. 31, 33.) Because the Court did not rule on Plaintiffs' Motion to Dismiss Class Action Complaint, the Memorandum of Law in Support of their Motion to Dismiss the Class Action Complaint and supporting exhibits Defendants filed under seal played no role in the District Judge's exercise of Article III judicial power.

Plaintiffs filed their Amended Complaint on April 5, 2024 (ECF No. 34). Defendants filed a Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 41), and a corresponding Memorandum of Law in Support of their Motion to Dismiss Amended Complaint (ECF No. 43) with supporting exhibits (ECF Nos. 46-1 to 46-28) on May 20, 2024. The District Judge has not yet ruled on Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.

Though it is likely the District Judge will rely on Defendants' Memorandum of Law in

Support of their Motion to Dismiss Amended Complaint (ECF No. 43) and supporting exhibits (ECF Nos. 46-1 to 46-28) in ruling on the pending motion, the Court finds good cause to grant the parties' sealing motion because all of the documents at issue contain sensitive personal health information, and the parties have publicly filed appropriately redacted versions of these documents.  The Court concludes that the parties' legitimate interests in maintaining confidentiality as to this information outweighs any public interest in unsealing it.  *See Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (finding that sensitive personal information, including personal health information, is appropriately kept under seal).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. [66]) is **GRANTED**:

1. The Clerk of Court is directed to keep ECF Nos. [22], [25-1] to [25-9], [43], and [46-1] to [46-28] under seal.

Dated:  August 6, 2024              *s/ Dulce J. Foster*
                                    DULCE J. FOSTER
                                    United States Magistrate Judge

3