UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, CAROL CLEMENS, FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and WILLIAM HULL, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE, INC., NAVIHEALTH, INC., and Does 1-50, inclusive,<br><br>Defendants. | Civil File No. 23-cv-03514-JRT-DJF<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY** |

## INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants move the Court for an order staying discovery pending the Court's resolution of Defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. 41. In this putative class action, Plaintiffs challenge under various state law theories the process by which Defendant naviHealth administered their Medicare Advantage ("MA") Plans and determined their coverage for continued in-patient care at skilled nursing facilities. These claims are factually specious and legally baseless.

Federal law dictates the terms on which MA Plans determine benefit coverage and regulates the process for such determinations by Medicare Advantage Organizations ("MAOs") including certain United Healthcare entities. Federal law also mandates that Plaintiffs first exhaust a multi-level review process before coming to Court. Using that process, Plaintiffs can challenge the MAO's benefit determinations. This process includes review by independent organizations and by administrative law judges. Plaintiffs concede they have not exhausted this process. Accordingly, as described in Defendants' motion to dismiss, which has been fully briefed and is awaiting argument, Plaintiffs' claims fail for multiple reasons: they are preempted by federal law, Plaintiffs have failed to exhaust the mandatory administrative appeal process that must precede any lawsuit, and Plaintiffs have brought this lawsuit against the wrong Defendants.

In light of these foundational defects, which cannot be corrected and will require dismissal of this lawsuit, Defendants seek a stay of discovery until the District Court rules on Defendants' motion to dismiss. As the Supreme Court declared in *Ashcroft v. Iqbal,* when a party's complaint fails to meet the pleading standards of Rule 8, that party "is not entitled to discovery, cabined or otherwise." 556 U.S. 662, 686 (2009). Courts in this district and circuit have likewise agreed: "[a] plaintiff must adequately plead a claim before obtaining discovery, not the other way around." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, MDL No. 08-1905 (RHK/JSM), 2009 U.S. Dist. LEXIS 9236, at *5 (D. Minn. Feb. 5, 2009); *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to

2

enable a plaintiff to make a case when his complaint has failed to state a claim."). For this reason, Defendants' Motion to Stay Discovery should be granted.

## PROCEDURAL BACKGROUND

On November 14, 2023, the Estates of Gene B. Lokken and Dale Henry Tetzloff commenced this putative class action, asserting a series of state law claims concerning the administration of MA plans and the alleged denial of their Medicare benefits. *See generally* ECF No. 1. Plaintiffs later filed an Amended Complaint on April 5, 2024, dropping the Estate of Dale Henry Tetzloff as a named plaintiff and adding seven additional named plaintiffs. *See generally* ECF No. 34.

On May 20, 2024, Defendants moved to dismiss the Amended Complaint on several, independent grounds. *See* ECF No. 41. As more fully described in Defendants' papers in support of their Motion to Dismiss, *see* ECF Nos. 43 and 65, the Plaintiffs' claims fail as a matter of law because the Medicare Act expressly preempts Plaintiffs' claims, all of which relate to areas governed by MA standards applicable to all of the plans in which they were members. *See* ECF No. 43 at 12–18. The district court also lacks subject matter jurisdiction over this case because none of the Plaintiffs exhausted the Medicare Act's mandatory administrative review process. *See id.* at 19–28. Further, Plaintiffs have named the wrong defendants; any Medicare Act lawsuit must be brought against the Secretary of Health and Human Services, not Defendants. *See id.* at 29–30. Finally, Plaintiffs' unjust enrichment and Minnesota Unfair Claims Practices Act claims fail as a matter of law. *See id.* at 30–31. This motion has been fully briefed and is scheduled for oral argument before Judge Tunheim on August 29.

Given the arduous discovery which Defendants expect Plaintiffs to seek if this action were to proceed (and the apparent absence of urgency as demonstrated by the six-month delay between Plaintiff's initial Complaint and the Amended Complaint), Defendants sought Plaintiffs' consent to pause discovery until resolution of the pending motion to dismiss. Defendants proposed that the parties stipulate to a stay of discovery while Defendants' motion is pending or, alternatively, propose a case schedule with deadlines based upon the Court's ruling on such motion.[1] Plaintiffs refused to consent to a stay of discovery, necessitating this motion to stay.

## **ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure provides that a district court may stay discovery upon a showing of good cause. Additionally, a district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998). The district court has broad discretion regarding decisions to stay proceedings. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006); *In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT/HB), 2019 U.S. Dist. LEXIS 20038, at *25–26 (D. Minn. Feb. 7, 2019) (granting partial stay).

The Eighth Circuit and U.S. Supreme Court have recognized the court's critical role in preventing burdensome discovery when plaintiffs have failed to state a cognizable claim.

---

[1] For example, Defendants proposed that fact discovery conclude 18 months after the Court's ruling on the motion to dismiss, instead of arbitrarily picking a calendar date.

4

The Eighth Circuit has long recognized that "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor,* 661 F.2d at 1184. The U.S. Supreme Court reiterated this view in *Ashcroft v. Iqbal*, noting that when a party's complaint fails to meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure, that party "is not entitled to discovery, cabined or otherwise." 556 U.S. at 686. A court in this District explained the rationale for prohibiting discovery until the plaintiff has filed a complaint that will survive dismissal:

> A plaintiff must adequately plead a claim before obtaining discovery, not the other way around. . . . [This rule] is designed to ensure that viable claims have been alleged before dragging defendants through the costly and time-consuming discovery process. As the Supreme Court recently reaffirmed, 'a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'

*In re Medtronic*, 2009 U.S. Dist. LEXIS 9236, at *5–7 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

Courts in this District consider four factors in determining whether to stay discovery during the pendency of a motion to dismiss: (1) the merits of the motion, (2) "hardship or inequity to the moving party if the matter is not stayed," (3) any prejudice to the non-moving party if discovery is delayed, and (4) "the conservation of judicial resources." *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-3796 (WMW/LIB), 2016 U.S. Dist. LEXIS 196550, at *6 (D. Minn. Apr. 7, 2016) (granting stay). Here, each of these factors weighs in favor of a stay of discovery.

5

I. **Defendants' Motion to Dismiss Supports a Stay, Because It Would Dispose of the Entire Case, "Appears to Have Substantial Grounds" and Is Not "Unfounded in the Law."**

The first factor a court considers is the merits of the complaint and the motion to dismiss. In evaluating a motion to stay, "a court must take a 'peek' into the merits of the pending dispositive motion." *Danger v. Nextep Funding, LLC*, No. 18-cv-567 (SRN/LIB), 2019 U.S. Dist. LEXIS 175175, at *7 (D. Minn. Jan. 22, 2019). "The party seeking a stay bears the burden of showing that there is 'more than a mere possibility' that the court will decide the dispositive motion in its favor; the party ***does not*** have to show that it is more likely than not that it will prevail, however." *United States v. Agri Stats, Inc.*, No. 23-CV-3009 (JRT/JFD), 2024 U.S. Dist. LEXIS 109388, at *10 (D. Minn. May 17, 2024) (citation omitted) (emphasis added); *see also Huff v. Canterbury Park Holding Corp.*, No. 22-cv-1922 (WMW/ECW), 2023 U.S. Dist. LEXIS 146920, at *13 (D. Minn. Aug. 22, 2023) (same). The court need not "express[] [any] opinion on the ultimate merits of that question"; it must merely satisfy itself that its "peek at the merits of the Defendants' Motions to Dismiss indicates that Defendants have shown ***some*** likelihood of success on the merits." *Danger*, 2019 U.S. Dist. LEXIS 175175, at *10 (emphasis added).

Courts in this District have repeatedly recognized that a stay of discovery during the pendency of a motion to dismiss is appropriate when the "pending motion to dismiss would dispose of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law.'" *In re Centurylink Sales Practices & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2018 U.S. Dist. LEXIS 77426, at *4 (D. Minn. May 8, 2018) (granting stay); *cf. Tjaden v. Brutlag, Trucke & Doherty, P.A.*, Civil No. 24-cv-1452 (KMM/DJF), 2024

6

U.S. Dist. LEXIS 107708, at *3–4 (D. Minn. June 18, 2024) (denying stay because motion to dismiss was not directed at all claims, but citing favorably to rule in *Centurylink Sales Practices & Sec. Litig.* (citation omitted)).

Here, Defendants have filed a motion to dismiss all claims in the Amended Complaint on several independent grounds, including that Plaintiffs' causes of action are preempted by the Medicare Act, the Court lacks subject matter jurisdiction over this case, Plaintiffs have named the wrong defendants, and Plaintiffs fail to state a claim for unjust enrichment and a violation of the Minnesota Unfair Claims Practices Act. As summarized above and as fully set forth in Defendants' papers in support of their pending motion to dismiss, *see* ECF Nos. 41, 43 & 65, Defendants have demonstrated much more than "a mere possibility" of succeeding on one or more of those arguments. *Agri Stats, Inc.*, 2024 U.S. Dist. LEXIS 109388, at *10.

Moreover, a stay of discovery is particularly warranted when pending motions to dismiss challenge the jurisdiction of the district court. *See Danger*, 2019 U.S. Dist. LEXIS 175175, at *13–15; *Moyer v. Jackson*, No. 23-cv-138 (JWB/LIB), ECF No. 67 at 3–4 (D. Minn. June 26, 2013). That is because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). Defendants' argument in support of its motion to dismiss that this Court lacks subject matter jurisdiction in this action goes to the heart of this Court's "power to declare the law," *id.*, and therefore counsels in favor of a stay of discovery.

As such, the first factor weighs in favor of staying discovery pending resolution of Defendants' motion to dismiss.

## II. Defendants Will Suffer Prejudice and Substantial Harm in the Absence of a Stay, Particularly Because the Scope of Discovery Sought in This Case is Broad.

In the absence of a stay, Defendants will incur substantial time and attorneys' fees on discovery and non-dispositive motions before the Court decides the motion to dismiss. However, if the Court grants Defendants' motion to dismiss, those expenses will have been entirely unnecessary.

The scope of discovery sought by Plaintiffs in this case, if any were to take place, would be broad and burdensome.[2] Plaintiffs allege that Defendants' conduct has affected "hundreds of thousands or millions [of people] throughout the United States." ECF No. 34, ¶ 175. Defendants expect that Plaintiffs will seek a substantial volume of claims data and the private medical records for some or all of these millions of MA members, which may implicate thousands of documents and many potential data custodians. Defendants also expect that Plaintiffs will seek burdensome discovery on Defendants' practices, policies, and operations.

Plaintiffs' Rule 26(a) disclosures demonstrate the breadth of discovery Plaintiffs will seek. Specifically, Plaintiffs seek "active and archived websites and social media accounts," contracts, medical and appeal records related to Plaintiffs' claims, "internal and

---

[2] While Defendants believe discovery can and should proceed in a streamlined fashion, it appears Defendants and Plaintiffs have very different views on the appropriate scope of discovery. Thus, proceeding with discovery now would likely result in discovery disputes and motion practice, which would unnecessarily burden both the parties and this Court.

8

external studies, analyses, investigations or reviews, concerning the use, implementation, and application of nH Predict," "complaints, demands, and inquiries from consumers, competitors, industry self-regulatory groups, governmental regulatory agencies, and consumer advocacy groups," "operational policies, procedures, and practices," information about the "purchase and/or creation, implementation, use, and application of nH Predict," training materials, and "financial figures" including "costs of review, costs of claims paid, and profit margins."

Class discovery would be even more burdensome. Plaintiffs purport to represent a class of "[a]ll persons who purchased Medicare Advantage Plan health insurance from Defendants in the United States" from 2019 to present. ECF No. 34, ¶ 170. By some public accounts, Defendants provide Medicare Advantage coverage to over 9 million members per year. Anna Baluch, "UnitedHealthcare Medicare Advantage Plans at a Glance," *Forbes Magazine*, Oct. 26, 2023, https://www.forbes.com/health/medicare/united-healthcare-medicare-advantage/ (last visited Aug. 7, 2024). In their Rule 26(a) disclosures, Plaintiffs identify the following information they claim is relevant for each one of these millions of members: name, contact information, contracts and "Class members' records," which would presumably include claims files and appeals records, among other things.

The sheer breadth of the discovery Plaintiffs seek warrants a stay of discovery. Indeed, even for a class comprised of thousands of members—not millions or tens of millions of members as here—courts have found discovery to be excessively burdensome at this stage. *See, e.g.*, *Raimo v. Wash. Univ. in St. Louis*, No. 4:20-cv-00634-SEP, 2021 U.S. Dist. LEXIS 13259, at *2–3 (E.D. Mo. Jan. 25, 2021) (granting a stay of discovery

9

and noting that the defendant would suffer "substantial hardship" in engaging in discovery related to a "large proposed class size—potentially thousands of students"); *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709-RAR, 2020 U.S. Dist. LEXIS 192595, at *10–11 (S.D. Fla. Oct. 16, 2020) (granting a stay of discovery and highlighting that the expected discovery included "discovery as to tens of thousands of customers in a putative class," which involved "hundreds of thousands of pages" of documents).

Plaintiffs' intent to seek broad discovery in a case where the Court lacks subject matter jurisdiction or where the claims lack any legal basis underscores the need for a stay of discovery. *See Knasel v. Ray*, No. 6:21-03093-CV-RK, 2021 U.S. Dist. LEXIS 124153, at *2–3 (W.D. Mo. July 2, 2021) (granting a stay of discovery because "[s]ubject matter jurisdiction is an inflexible threshold issue, and there are indications the Court may lack subject matter jurisdiction"). In general, courts "disfavor the proliferation of litigation costs associated with potentially unnecessary litigations." *Danger*, 2019 U.S. Dist. LEXIS 175175, at *11 (citing *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 429 (S.D.N.Y. 2010) (finding that a party would be prejudiced by incurring increased time and expense associates with discovery for potentially unnecessary litigation)). Defendants' motion to dismiss could dispose of this entire action and render moot any dispute over discovery. This is not a question of *when* discovery will proceed, but *whether* it will proceed at all. As described in Defendants' motion to dismiss, the Amended Complaint cannot be cured by an amended pleading. Absent a stay of discovery, Defendants will be subjected to substantial and entirely unnecessary costs, resulting in severe prejudice to them. Thus, this factor weighs in favor of a stay.

**III.   A Stay of Discovery Will Not Harm Plaintiffs.**

This Court next considers any "prejudice to the non-moving party if the matter is stayed." *Danger*, 2019 U.S. Dist. LEXIS 175175, at *7. Here, Plaintiffs stand to suffer no prejudice, except for the possibility of a temporary delay in proceeding to discovery. Courts regularly recognize that "mere delay in [a] Plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice." *Rao v. JPMorgan Chase Bank, N.A.*, No. 21 C 1361, 2021 U.S. Dist. LEXIS 205610, at *4 (N.D. Ill. May 12, 2021); *see Deckers Outdoor Corp. v. Next Step Grp., Inc.,* No. 23-CV-2545 (ALC) (VF), 2024 U.S. Dist. LEXIS 35533, at *7 (S.D.N.Y. Feb. 29, 2024) (similar); *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C 06-2252, 2007 U.S. Dist. LEXIS 18785, at *9 (N.D. Cal. Feb. 26, 2007) (similar); *see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) ("Delay inherently results from the issuance of a stay, but mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage.") (citations omitted) (internal quotation marks omitted). Indeed, the parties agreed that, if a stay was granted, discovery should close 18 months after the Court's order on the motion to dismiss. ECF No. 56. The previously assigned Magistrate Judge entered a scheduling order with a deadline of December 2025, ECF No. 60 at 1, but of course, this Court has the ability to extend the period for discovery to account for any time lost due to a limited stay or if the deadline appears unworkable. *See* Fed. R. Civ. P. 16(b)(4) (permitting amendment of the scheduling order for good cause).

Moreover, this case does not involve discoverable material that is at risk of damage, destruction, or otherwise becoming unavailable if a stay is granted. *Cf. Richardson v.*

11

*Cascade Skating Rink*, Civil No. 19-08935 (NLH/MJS), 2022 U.S. Dist. LEXIS 243625, at *11-12 (D.N.J. June 13, 2022) (explaining that a plaintiff may be prejudiced by a stay due to the "passage of time and its impact on the memory of witnesses"). That is because the parties' claims and defenses will turn significantly on documents, which may include claims data, medical records, communications, or other ESI. As a result, the chance of prejudice is lower because there is less risk associated with fading memory of witnesses. *See Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-cv-02265, 2023 U.S. Dist. LEXIS 155177, at *14 (N.D. Ill. Sept. 1, 2023) (a lack of showing that potentially discoverable information is "at risk of damage, destruction, or otherwise becoming unavailable" favored a discovery stay).

Because Plaintiffs cannot demonstrate a specific or cognizable injury resulting from a stay of discovery, this factor weighs in Defendants' favor.

**IV.    Judicial Economy Favors a Stay.**

The final factor likewise weighs in Defendants' favor, because a stay of discovery will protect not only Defendants but also Plaintiffs and the Court from needless expenditure of time, money, and resources. "Because the pending motion to dismiss, on which Defendants have demonstrated some likelihood of success on the merits, has the potential to resolve all of the issues to which the currently pending discovery is relevant, this factor [of judicial economy] weighs in favor of granting the requested stay." *Danger*, 2019 U.S. Dist. LEXIS 175175, at *13; *see also Dufrene*, 2016 U.S. Dist. LEXIS 196550, at *11 (same).

More fundamentally, when it appears that the Court lacks subject matter jurisdiction—even in the absence of a motion to dismiss—the Court would be compelled to confirm its subject matter jurisdiction "before addressing the merits of any potential discovery dispute." *Danger*, 2019 U.S. Dist. LEXIS 175175, at *14. In other words, the Court that is hearing the discovery dispute should first determine if the Court has subject matter jurisdiction before hearing the discovery dispute. *See id.*; *see also Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter."); *King v. City of Crestwood*, 899 F.3d 643, 647 (8th Cir. 2018) (courts are generally "obligated to resolve an issue of subject-matter jurisdiction before reaching the merits of a claim").

To require the Court that is hearing a discovery dispute to first address subject matter jurisdiction "would lead to a waste of judicial resources" where the subject matter jurisdictional question is already pending before the district court. *Danger*, 2019 U.S. Dist. LEXIS 175175, at *14. "Because permitting discovery to proceed in the present case could lead to the duplicative waste of judicial resources this factor weighs heavily in favor of granting the requested stay." *Id.* at *14–15; *see also Moyer v. Jackson*, No. 23-cv-138 (JWB/LIB), ECF No. 67 at 3–4 (D. Minn. June 26, 2013) (explaining that a stay of discovery is particularly appropriate for cases "in which the pending motion to dismiss

contains a nonfrivolous challenge to the court's jurisdictional authority, whether it be personal jurisdiction or subject matter jurisdiction," and collecting cases).[3]

So too here. In their motion to dismiss, Defendants raised serious questions about the Court's subject matter jurisdiction over this case. *See* ECF No. 43 at 19–30. Absent a stay, if any discovery disputes arose between the parties, this Court would be placed in the inefficient position of confirming its subject matter jurisdiction before deciding the discovery dispute. Because this Court will already address that issue in the pending motion to dismiss, "this factor weighs heavily in favor of granting the requested stay." *Danger*, 2019 U.S. Dist. LEXIS 175175, at *14–15.

Moreover, courts throughout the country have noted that it is prudent—or even mandatory in those jurisdictions—to stay discovery when there is a pending motion that could dispose of the entire case. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("[P]laintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (reversing denial

---

[3] Other federal courts have similarly concluded that stays of discovery are warranted when a "pending motion to dismiss raises a threshold question regarding the Court's subject matter jurisdiction." *Waterkeeper v. J.R. Simplot Co.*, Case No. 1:23-cv-00239-DCN, 2023 U.S. Dist. LEXIS 158902, at *9–10 (D. Idaho Sept. 6, 2023); *see Coates v. Ashley Bldg. Corp.*, No. 23-2142-HLT-ADM, 2023 U.S. Dist. LEXIS 169235, at *8–9 (D. Kan. Sept. 22, 2023); *Sterigenics U.S. v. Kim*, No. 19 C 1219, 2019 U.S. Dist. LEXIS 233921, at *7–9 (N.D. Ill. Mar. 8, 2019); *Johnson v. Ashmore*, No. 3:15-CV-2475-K (BF), 2016 U.S. Dist. LEXIS 184977, at *2 (N.D. Tex. Jan. 22, 2016).

of stay as abuse of discretion because the court "may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense"); *Life v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 92468, at *3–4 (E.D. Mich. July 1, 2013) (granting a stay of discovery during a pending Rule 12(b)(6) motion because "[t]he purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"). These cases take guidance from the Supreme Court's pronouncement that a plaintiff who fails to adequately state a claim "is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686.

A court in this District aptly described the danger of allowing discovery to proceed in the absence of a sufficient complaint:

> For this reason, courts have repeatedly held that the price of entry, *even to discovery,* is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. To permit otherwise—that is, to allow plaintiffs to plead first and discover later—would be costly for both courts and defendants and might ultimately encourage meritless suits *in terrorem.*

*In re Medtronic*, 2009 U.S. Dist. LEXIS 9236, at *5–7 (emphasis in original) (cleaned up). For these reasons, judicial economy favors a stay of discovery until the District Court can rule on Defendants' fully briefed motion to dismiss.

15

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying discovery and the proceedings pending the Court's resolution of Defendants' motion to dismiss (ECF No. 41).

Dated: August 8, 2024                              DORSEY & WHITNEY LLP

By *s/ Michelle S. Grant*
Nicole Engisch (#0215284)
engisch.nicole@dorsey.com
Michelle S. Grant (#0311170)
grant.michelle@dorsey.com
Shannon L. Bjorklund (#0389932)
bjorklund.shannon@dorsey.com
David C. Racine (#0401060)
racine.david@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Nicholas J. Pappas (*pro hac vice*)
Pappas.nicholas@dorsey.com
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9387

*Attorneys for Defendants*