## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

THE ESTATE OF GENE B. LOKKEN,
GLENNETTE KELL, DARLENE
BUCKNER, CAROL CLEMENS, FRANK
CHESTER PERRY, THE ESTATE OF
JACKIE MARTIN, JOHN J. WILLIAMS,
AS TRUSTEE OF THE MILES AND
CAROLYN WILLIAMS 1993 FAMILY
TRUST, and WILLIAM HULL,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

vs.

UNITEDHEALTH GROUP, INC.,
UNITED HEALTHCARE, INC.,
NAVIHEALTH, INC. and Does 1–50,
inclusive,

       Defendants.

Civil File No. 23-cv-3514-JRT/DJF

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO STAY DISCOVERY

## I.    INTRODUCTION

Plaintiffs challenge Defendants UnitedHealth Group, Inc., United Healthcare, Inc. and NaviHealth, Inc.'s (collectively "UnitedHealth") unlawful use of an algorithm to make claims determinations for elderly patients' post-acute care, without regard for those patients' actual medical needs. UnitedHealth filed a motion to dismiss Plaintiffs' First Amended Complaint, which has been fully briefed and is scheduled for argument on August 29, one week after this motion to stay will be argued.

UnitedHealth's motion to stay discovery fails to meet any of the criteria necessary to delay this action. UnitedHealth essentially urges the Court to stay discovery because it filed a motion to dismiss that—according to UnitedHealth—challenges the Court's jurisdiction. But courts in the District of Minnesota have rejected this position, and UnitedHealth fails to demonstrate why this Court should deviate from the reasoning in those opinions. UnitedHealth fails to show it would suffer harm if discovery were to proceed, apart from the ordinary burdens of litigation and a passing reference to hypothetical discovery disputes. These alleged harms are too speculative to warrant a stay.

Perhaps most importantly, Plaintiffs *would* be highly prejudiced by a stay because: (1) Plaintiffs plan to rely on testimonial evidence of elderly and infirm class members who may become unavailable; (2) UnitedHealth seeks an indeterminate stay, which, by itself, is prejudicial to Plaintiffs; and (3) Plaintiffs require class discovery to be adequately prepared for the October settlement conference as ordered by this Court.

Finally, UnitedHealth fails to show how a stay would conserve *judicial* resources. Indeed, UnitedHealth's arguments go to *party* resources, not judicial resources, and

hypothetical discovery disputes and motions are too speculative to warrant a stay. For those reasons, this Court should deny UnitedHealth's motion.

## II.    ARGUMENT

A court may stay discovery only upon a showing of good cause by the moving party. Fed. R. Civ. P. 26(c); *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, 2013 U.S. Dist. LEXIS 117719, at *1 (D. Minn. Aug. 20, 2013). When evaluating whether a stay is appropriate, "[c]ourts use a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." *Tjaden v. Brutlag, Trucke & Doherty, P.A.*, 2024 U.S. Dist. LEXIS 107708, at *2 (D. Minn. June 18, 2024) (Foster, J.) (denying motion to stay discovery in putative class action).

The moving party bears a "heavy burden" of establishing the need for a stay, which includes a presumption favoring the party opposing a stay. *Christopherson v. Cinema Ent. Corp.*, 2024 U.S. Dist. LEXIS 47847, at *5 (D. Minn. Mar. 6, 2024) (citation omitted). Simply filing a dispositive motion does not constitute good cause to stay discovery. *Tjaden*, 2024 U.S. Dist. LEXIS 107708, at *3 (citing *TE Connectivity*, 2013 U.S. Dist. LEXIS 117719, at *2).

When determining whether a stay is appropriate pending resolution of a motion to dismiss, courts generally consider four factors: (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party if the matter is stayed; and (4) conservation of judicial resources. *Christopherson*, 2024 U.S.

Dist. LEXIS 47847, at *4–5 (citing *TE Connectivity*, 2013 U.S. Dist. LEXIS 117719, at *2).

UnitedHealth's arguments rely principally on *Danger v. Nextep Funding, LLC*, 2019 U.S. Dist. LEXIS 175175 (D. Minn. Jan. 22, 2019). However, recent decisions from within the District make clear that *Danger* is an outlier in this District's jurisprudence on this issue. *Compare Danger*, 2019 U.S. Dist. LEXIS 175175, at *10–15 (Brisbois, J.) (finding that ordinary litigation expenses in responding to discovery requests without any hardships beyond the ordinary hardships of litigation weighed (minimally) in favor of a stay; finding no delay-related prejudice to the plaintiff when only 10 months remained in the discovery period; and finding conservation of judicial resources weighed in favor of a stay merely because the dispositive motion had the potential to dispose of the entire action); *with Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *14–18 (Brisbois, J.) (holding that ordinary litigation expenses in responding to discovery are insufficient to warrant a stay without "particular facts or circumstances" that make discovery "unusually burdensome or prejudicial beyond the usual case"; finding an indeterminate stay was prejudicial to the plaintiff; and finding Defendants' argument about disposition of the entire case went to conservation of *party* resources, not *judicial* resources); *see also United States v. Agri Stats, Inc.*, 2024 U.S. Dist. LEXIS 109388, at *18–22 (D. Minn. May 17, 2024) (Docherty, J.) (providing an in-depth analysis of the merits and finding delay-related prejudice to plaintiffs); *Unbehaun v. Minn. Energy Res. Corp.*, 2023 U.S. Dist. LEXIS 220230, at *5 (D. Minn. Aug. 16, 2023) (Schultz, J.) (finding a "good faith disagreement about the scope and meaning of the Complaint" weighed against a stay).

UnitedHealth fails to carry its heavy burden. Each factor weighs against a stay of discovery.

### A.    UnitedHealth Fails to Demonstrate Likelihood of Success on the Merits

A party seeking to stay discovery must "show more than a mere possibility that the underlying dispositive motion will result in a decision in movant's favor." *Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *5–6. If the complaint is "clearly doomed," or a motion to dismiss "seems likely to resolve the entire litigation," a stay may be appropriate. *Agri Stats, Inc.*, 2024 U.S. Dist. LEXIS 109388, at *9–10 (quoting *TE Connectivity*, 2013 U.S. Dist. LEXIS 117719, at *2). In determining whether a party seeking a stay has shown a likelihood of success on the merits, a court may take a "peek" into the merits of the pending dispositive motion. *Unbehaun*, 2023 U.S. Dist. LEXIS 220230, at *2. UnitedHealth bears the burden to show "more than a mere possibility" that this Court will decide the motion to dismiss in its favor. *Agri Stats*, 2024 U.S. Dist. LEXIS 109388, at *10.

### 1.    UnitedHealth's "Passing References" to Its Arguments Are Insufficient to Prove Likelihood of Success

First, UnitedHealth dedicates only a single sentence of its memorandum to discussing the arguments before Judge Tunheim on the motion to dismiss, and it only mentions the kind of challenges brought. *See* Dkt. 71 at 7. UnitedHealth does not engage with, or even mention, the merits of its arguments. *Id.* UnitedHealth's mere passing reference to its arguments in favor of dismissal are "patently insufficient" to demonstrate a likelihood of success on the merits. *See Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *10 (holding that similar "passing reference[s]" to arguments in support of dismissal

could not demonstrate likelihood of success on "any of [those] arguments").

Because UnitedHealth does not substantively address the merits, it has failed to carry its burden and, for this reason alone, this factor weighs against staying discovery.

### 2. UnitedHealth Is Unlikely to Succeed on the Motion to Dismiss

Second, even if the Court decides to look beyond UnitedHealth's memorandum to analyze its arguments for dismissal, none of UnitedHealth's arguments are likely to succeed. UnitedHealth argues that: (1) Plaintiffs' claims are preempted by the Medicare Act; (2) this Court lacks subject matter jurisdiction over Plaintiffs' claims because they were required to exhaust administrative remedies, and they failed to do so; (3) Plaintiffs were required to sue the Secretary of HHS, not UnitedHealth; (4) Plaintiffs' unjust enrichment claim fails because of the existence of a contract; and (5) Plaintiffs' Minnesota Unfair Claims Practices Act (MUCPA) claim fails for lack of a private right of action. *See* Dkt. 43 at 12–31. None of these arguments are likely to succeed.

Plaintiffs have strong responses as to why each of these arguments fails. UnitedHealth's preemption argument fails because (1) Medicare Act preemption does not reach common law claims; and (2) Plaintiffs' claims are not preempted under Eighth Circuit law because the state statutes and common law they are premised upon does not regulate the same subject matter as Medicare standards. *See* Dkt. 57 at 27–37. UnitedHealth's exhaustion/lack of subject matter jurisdiction argument fails because (1) Plaintiffs do not seek benefits, but rather challenge only the claims review process and thus their claims do not "arise under" the Medicare Act; (2) presenting claims is sufficient for jurisdiction if the court waives the exhaustion prong, and Plaintiffs presented their claims

to UnitedHealth[1]; and (3) Plaintiffs' claims meet the requirements for judicial waiver of exhaustion. *See id.* at 11–26. UnitedHealth's "improper party" argument fails because Defendants *are* the property parties to answer for its unlawful conduct. *See Reuben v. Ziemer*, 2024 U.S. Dist. LEXIS 93941, at *5–6 (D. Minn. May 1, 2024) (holding that an MAO, as an "officer or employee" of the government, was a proper defendant under 42 U.S.C. § 405(h)); *see also* Dkt. 57 at 26–27. UnitedHealth's unjust enrichment argument fails because Plaintiffs may plead an unjust enrichment claim in the alternative, despite the existence of a contract. *See* Dkt. 57 at 37–39. Finally, UnitedHealth's MUCPA argument fails because Minn. Stat. § 8.31, subd. 3a, allows for private enforcement for systemic violations of the MUCPA. *Id.* at 39–43.

### 3. UnitedHealth's Subject Matter Jurisdiction Challenge is Meritless and Does Not Weigh Towards Staying Discovery

UnitedHealth suggests that discovery should be stayed merely because UnitedHealth challenges subject matter jurisdiction. "But all motions to dismiss for lack of subject matter jurisdiction are not created equal when it comes to the decision to stay, or not stay, discovery. It may often make sense for discovery to continue while a federal court considers whether a case that will probably be litigated no matter what will proceed before it or in some other court." *Wells Fargo Ins. Servs. USA v. King*, 2016 U.S. Dist. LEXIS

---

[1] On reply, UnitedHealth argued that presenting claims for benefits to it, Plaintiffs' insurer, was insufficient, and instead Plaintiffs were required to present claims for benefits to the Secretary, who does not insure them. *See* Dkt. 65 at 8–9. As a Medicare Advantage Organization, UnitedHealth is an agent of the Secretary, and presentation of claims to UnitedHealth is sufficient to confer jurisdiction. *See Midland Psychiatric Assocs. v. United States*, 145 F.3d 1000, 1003–04 (8th Cir. 1998) (recognizing MAOs as an "officer or employee" of the government).

149161, at *10–11 (D. Minn. July 29, 2016); *see also Hopper v. Credit Assocs., LLC*, 2021 U.S. Dist. LEXIS 124986, at *6 (S.D. Ohio July 6, 2021) (holding that it weighs against a stay where a challenge to subject matter jurisdiction is "fairly debatable" rather than "clear cut").

Here, as discussed above, UnitedHealth's challenge to subject matter jurisdiction is meritless. First, Plaintiffs' claims do not arise under the Medicare Act, and thus jurisdiction is not limited by 42 U.S.C. § 405(h). As stated in Plaintiffs' Complaint, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and supplemental jurisdiction under 28 U.S.C. § 1367. *See* Dkt. 34 at ¶¶ 14–15. Second, even if § 405(h) applies, Plaintiffs have satisfied the low bar of the presentment requirement and have presented grounds for the Court to waive the exhaustion prong, conferring jurisdiction. A meritless challenge to subject matter jurisdiction should not weigh in favor of staying discovery.

Thus, UnitedHealth fails to show that it is likely to succeed on its arguments in favor of dismissal, which weighs against staying discovery.

### B.    UnitedHealth Fails to Demonstrate Any Prejudice or Hardship if Discovery Were to Proceed

#### 1.    UnitedHealth Fails to Identify Any Prejudice or Hardship Beyond the Ordinary Expenses of Litigation

UnitedHealth argues that it will "suffer prejudice and substantial harm" if discovery is not stayed because it will be forced to expend time and attorneys' fees responding to Plaintiffs' discovery requests, particularly because Plaintiffs allege UnitedHealth unlawfully harmed so many people. *See* Dkt. 71 at 8–10.

A party seeking to stay discovery must "establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations as to undue burden." *Cake Love Co. v. AmeriPride Servs., LLC*, 2023 U.S. Dist. LEXIS 77698, at *10 (D. Minn. May 4, 2023) (quoting *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018)). UnitedHealth must show "specific discovery requests served upon it or articulate how responding to any specific discovery requests will unduly prejudice it **beyond the prejudice and hardship inherent in litigation**." *Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *14 (emphasis added). "Courts have consistently held that the expenditure of cost inherent to litigation is an insufficient basis upon which to stay discovery, absent some 'particular facts or circumstances that make responding to discovery . . . unusually burdensome or prejudicial beyond the usual case . . . .'" *Id.* (quoting *TE Connectivity*, 2013 U.S. Dist. LEXIS 117719, at *2); *see also Wild v. Rockwell Labs Ltd.,* 2020 U.S. Dist. LEXIS 67267, at *2 (W.D. Mo. Apr. 16, 2020); *Am. Med. Ass'n v. Stenehjem*, 2021 U.S. Dist. LEXIS 172739, at *3 (D.N.D. Sept. 13, 2021)).

Like in *Christopherson*, UnitedHealth fails to point to any specific discovery request or articulate how responding to any specific discovery requests will unduly prejudice it beyond the prejudice hardship inherent in litigation. Instead, UnitedHealth merely states that it expects Plaintiffs' discovery requests to be "broad," and that UnitedHealth would be required to expend time and money to respond to them.

Similarly, in *TE Connectivity*, the court refused to stay discovery because the defendant failed to indicate "any particular facts or circumstances that make responding to

9

discovery in this case **unusually burdensome or prejudicial beyond the usual case of this nature**." 2013 U.S. Dist. LEXIS 117719, at *7 (emphasis added). Here, the discovery requests UnitedHealth anticipates from Plaintiffs (pertaining to UnitedHealth's unlawful conduct and class discovery) are commonplace in nationwide class cases. UnitedHealth fails to point to any *unusual* burden or prejudice it would be subjected to by proceeding with discovery.

### 2. Hypothetical Discovery Disputes Are Insufficient to Warrant Staying Discovery

UnitedHealth also states that it anticipates discovery disputes and motion practice if discovery were to proceed. *See* Dkt. 71 at note 2. However, predictions of contentious discovery or hypothetical disputes are too speculative to support a stay of discovery. *See Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *15 ("Defendant has failed to highlight any specific discovery dispute between the parties, and the hypothetical potential of such a dispute arising is too speculative to support a stay of discovery in the present case.") (citing *Wild*, 2020 U.S. Dist. LEXIS 67267, at *2; *Ferrari v. Best Buy Co.*, 2014 U.S. Dist. LEXIS 187014, at *1 (D. Minn. Dec. 4, 2014)). If discovery disputes arise, "Defendant may address any specific objections it may have in its responses to said discovery requests." *Id.*

Thus, UnitedHealth has failed to carry its burden to show that this factor favors staying discovery.

### C. Staying Discovery Would Harm Plaintiffs Because Plaintiffs Plan to Rely on Witness Testimony and Require Class Discovery Ahead of the Settlement Conference

1.    **Plaintiffs Plan to Rely on Witness Testimony, Which May Disappear or Degrade if Discovery is Stayed Even Temporarily**

UnitedHealth argues that Plaintiffs' claims will "turn significantly on documents," and that "the chance of prejudice is lower because there is less risk associated with fading memory of witnesses." *See* Dkt. 71 at 12. However, Plaintiffs plan to rely on witness testimony from UnitedHealth's agents or employees and putative class members (who have increased risk of fading memory), whose identities are only known to UnitedHealth.

Due to the advanced age and medical conditions of putative class members, staying discovery could result in their death or other incapacity before Plaintiffs are able to procure their testimony, depriving Plaintiffs of their testimony and resulting in prejudice. Indeed, the Plaintiffs' age and health conditions are typical of the putative class and demonstrate the threat that an indeterminate stay of discovery would pose. Plaintiff Jackie Martin passed away only three days after returning home following UnitedHealth's final denial of care, at age 82. *See* Dkt. 34 at ¶¶ 140–50. Plaintiff Gene Lokken, age 92 when his claims were first reviewed and denied by UnitedHealth, died at the age of 93. *See* Dkt. 34 at ¶¶ 156–70. Plaintiff Frank Chester Perry is 90 years old, has suffered many falls, and has been unable to make a recovery due to UnitedHealth's unlawful review and denial of his claims—his health remains in peril. *See* Dkt. 34 at ¶¶ 116–39. Given the advanced age and compromised health of Plaintiffs and class members, an indeterminate stay risks their testimony becoming unavailable.

Many federal courts have cited the age of certain witnesses as a relevant factor in refusing to stay discovery. *See Johnson v. United States*, 2024 U.S. Dist. LEXIS 121175,

at *6 (S.D.N.Y. July 10, 2024) ("Plaintiffs will still be prejudiced by an extended stay of document discovery, which is needed to identify all relevant witnesses to the events underlying this case. [A]ny additional witnesses will likely be elderly. Accordingly, a discovery delay until the resolution of the motion to dismiss would prejudice Plaintiffs.") (cleaned up); *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) ("Advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial."); *Doe v. Poly Prep Country Day Sch.*, 2021 U.S. Dist. LEXIS 38349, at *3 (E.D.N.Y. March 1, 2021) ("One of the Defendants is in his mid-seventies, and another is 89. Were [] discovery stayed, Plaintiff would potentially be deprived of their testimony entirely. It is well-recognized that the potential loss of testimony is sufficient prejudice to warrant denial of a stay application.").

Thus, UnitedHealth has failed to carry its burden to show that a stay would not prejudice Plaintiffs, because Plaintiffs plan to rely on testimonial evidence, and a stay threatens the quality and availability of that evidence.

## 2. UnitedHealth Requests an Indeterminate Stay, Which Is Prejudicial to Plaintiffs

UnitedHealth's request is for an indeterminate stay of discovery. *See* Dkt. 71 at 16 ("Defendants respectfully request that the Court enter an order staying discovery and the proceedings pending the Court's resolution of Defendants' motion to dismiss."). Such a stay would be unduly prejudicial to Plaintiffs. Indeed, several federal courts have held similar stays pending a motion to dismiss as prejudicial to plaintiffs. In *Clarendon National Insurance Co. v. Glickauf*, the Colorado District Court found that, given the plaintiff's

"interest in proceeding expeditiously with discovery," staying discovery "could substantially delay the ultimate resolution of the matter, with injurious consequences." 2019 U.S. Dist. LEXIS 73824, at *7 (D. Co. Feb. 14, 2019) (citing *Chavez v. Young Am. Ins. Co.*, 2007 U.S. Dist. LEXIS 15054, at *4 (D. Co. Mar. 2, 2007) (holding that because dispositive motions took an average of 7.5 months[2] to resolve, staying the case until resolution of a motion to dismiss could "substantially delay the ultimate resolution of the matter, with injurious consequences")); *see also Charnoff v. Loving*, 2020 U.S. Dist. LEXIS 183781, at *4 (D. Colo. Aug. 4, 2020) ("[G]ranting [an indeterminate] stay may actually prejudice Plaintiff's desire to proceed expeditiously here.").

### 3.    Plaintiffs Require Class Discovery to Make Informed Settlement Decisions in the October Settlement Conference Ordered by this Court

Lastly, Plaintiffs wish to participate in settlement discussions with UnitedHealth, but to do so, they need to conduct class discovery (including about the number of people harmed by UnitedHealth's unlawful conduct) to calculate damages. Without class discovery, Plaintiffs would be unable to pursue a fair settlement based upon informed judgment. Considering this Court's order that the Parties conduct a settlement conference by the end of October 2024, Plaintiffs will require at least class discovery before that time. Seeing as it is unlikely that the Court will rule on the motion to dismiss with enough time

---

[2] For comparison, motions to dismiss decided by Judge Tunheim take an average of 7 months to be resolved. *See* Lex Machina, *District Judge John R. Tunheim*, LEXISNEXIS, https://law.lexmachina.com/federal-court/district/judge/2421/motion-metrics?filed_on-from=2000-01-01&filters=true&view=analytics&tab=federal_motion_metrics_timing&bplots_searchlist_on=dismiss (last visited Aug. 12, 2024).

for the Parties to engage in class discovery before the end of October, discovery should be allowed to proceed.

Thus, this factor weighs against staying discovery.

### D.    UnitedHealth Fails to Demonstrate that a Stay of Discovery Would Materially Conserve Judicial Resources

"In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." *Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *16; *see also TE Connectivity*, 2013 U.S. Dist. LEXIS 117719, at *2.

In *Christopherson*, this District found that there was "no indication that a stay of discovery" would "result in the conservation of judicial resources in any appreciable manner" because the plaintiff had not yet served written discovery upon the defendant, and because no discovery dispute had arisen. Similarly, Plaintiffs here have not yet served written discovery upon UnitedHealth, and no discovery dispute has arisen. And although UnitedHealth suggests that it anticipates contentious discovery and discovery disputes, "[a]ny assertion that such a dispute may arise is entirely speculative and cannot form the basis for concluding that a stay of discovery would conserve judicial resources." *Christopherson*, 2024 U.S. Dist. LEXIS 47847, at *17 (citing *Wild*, 2020 U.S. Dist. LEXIS 67267, at *2; *Ferrari*, 2014 U.S. Dist. LEXIS 187014, at *1).

UnitedHealth's argument that staying discovery could conserve judicial resources if Plaintiffs' claims are dismissed in their entirety is equally unavailing. Like in

*Christopherson*, here UnitedHealth "generically asserts" that because its motion to dismiss addresses the entirety of Plaintiffs' complaint, judicial resources may be conserved if it wins on the motion to dismiss and all of Plaintiffs' claims are dismissed. Dkt. 71 at 12. The court in *Christopherson* quickly dispatched this argument, finding it was inapposite to the consideration of this factor because the argument relates to "the expenditure of party resources not judicial resources." 2024 U.S. Dist. LEXIS 47847, at *17. As shown above, UnitedHealth has failed to demonstrate how judicial resources would be expended if discovery were to continue. Thus, like in *Christopherson*, allowing discovery to proceed only relates to the expenditure of party resources, not judicial resources.

Thus, this factor weighs against staying discovery.

## III.    CONCLUSION

UnitedHealth has failed to carry its burden to demonstrate that it is entitled to the indeterminate stay of discovery that it seeks. Therefore, this Court should deny UnitedHealth's motion.


Dated:  August 15, 2024                    Respectfully Submitted,

                                            /s/ Glenn A. Danas
                                            Glenn A. Danas (CA #270317)
                                            Ryan J. Clarkson (CA #257074)
                                            Zarrina Ozari (CA #334443)
                                            Michael A. Boelter (CA #353529)
                                            *Pro Hac Vice*
                                            CLARKSON LAW FIRM, P.C.
                                            22525 Pacific Coast Highway
                                            Malibu, CA 90265
                                            Tel: (213) 788-4050
                                            rclarkson@clarksonlawfirm.com

gdanas@clarksonlawfirm.com
zozari@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

Karen Hanson Riebel (#0219770)
David W. Asp (#0344850)
Derek C. Waller (#0401120)
Emma Ritter Gordon (#0404000)
LOCKRIDGE GRINDAL NAUEN
PLLP
100 Washington Ave. South, Ste. 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com
dwasp@locklaw.com
dcwaller@locklaw.com
erittergordon@locklaw.com

James Pizzirusso (DC #477604)
Nicholas Murphy (DC #90011138)
*Pro Hac Vice*
HAUSFELD LLP
888 16th St., NW, Ste. 300
Washington, DC 20006
Tel: (202) 540-7200
jpizzirusso@hausfeld.com
nmurphy@hausfeld.com

*Attorneys for Plaintiffs*