**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

<table>
<tr><td>

The Estate of Gene B. Lokken, et al.,

  Plaintiffs,

    v.

UnitedHealth Group, Inc., et al.,

  Defendants.

</td><td>

No. 23-CV-03514 (JRT/SGE)

**PROTECTIVE ORDER**

</td></tr>
</table>

The parties in this matter have filed a Stipulation for Protective Order. (Dkt. 106). Based on the parties' stipulation, and all the files, records, and proceedings herein, the Court will adopt the Stipulation. Accordingly, confidential information shall be disclosed according to the following Protective Order:

1.   **Definitions.** As used in this protective order:

  (a)   "attorney" means an attorney who has appeared in this action;

  (b)   "confidential document" means a document designated as confidential under this protective order;

  (c)   to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

  (d)   "document" means information disclosed or produced in discovery, including at a deposition;

(e)    "HIPAA data" means individually identifiable health information;

(f)    "notice" or "notify" means written notice;

(g)    "party" means a party to this action; and

(h)    "protected document" means a document protected by a privilege or the work-product doctrine.

2.    **Designating a Document or Deposition as Confidential.**

(a)    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "CONFIDENTIAL." If the nature of the confidentiality is that the document contains HIPAA data, the document shall be marked "HIPAA-CONFIDENTIAL." If the nature of the confidentiality is that the designating party in good faith believes the document is so highly sensitive or that its disclosure could result in significant competitive harm to the designating party, the document shall be marked "ATTORNEYS' EYES ONLY."

(c)    A party or non-party may designate a document as attorneys' eyes only by marking a document as "ATTORNEYS' EYES ONLY."

(d)    Deposition testimony may be designated as CONFIDENTIAL, HIPAA-CONFIDENTIAL, or ATTORNEYS' EYES ONLY:

    (1)    on the record at the deposition; or

(2)    after the deposition, by promptly notifying the parties and those who were present at the deposition.

(e)    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

(f)    Any party who requests further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to the Court.

3.    **Who May Receive a Confidential, HIPAA-Confidential, or Attorneys' Eyes Only Document.**

(a)    A Confidential, HIPAA-Confidential, or Attorneys' Eyes Only document may be used only in this action.

(b)    No person receiving a Confidential document may reveal it, except to:

(1)    the court and its staff;

(2)    counsel of record and in-house counsel for parties to this action and their associates, contract and staff attorneys, paralegals, and regularly employed office staff;

(3)    a person shown on the face of the confidential document to have authored or received it, or the HIPAA data the document contains;

(4)    a court reporter or videographer retained in connection with this

action;

(5)    outside vendors, including messenger, discovery, copy, coding, and

other clerical-services vendors not employed by a party or its

attorneys;

(6)    a party (subject to paragraph 3(c));

(7)    any witness at a deposition or trial, and

(8)    any mediator or other person who:

    (A)    is retained to assist a party or attorney with this action; and

    (B)    signs a declaration that contains the person's name, address,

    employer, and title, and that is in substantially this form

    before receiving the confidential documents:

> I have read, and agree to be bound by, the protective order in the case captioned *Lokken et al. v. United Health Group, Inc.*, Case No. 23-cv-03514 (JRT/SGE) in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

> I declare under penalty of perjury that the foregoing is true and correct.

4

(c)     A document designated "HIPAA-CONFIDENTIAL" under paragraph 2(b) may not be revealed to any person other than one who is identified in paragraphs 3(b)(1)-(5) and (7)-(8).

(d)     A document designated "ATTORNEYS' EYES ONLY" under paragraph 2(c) may not be revealed to any person other than one who is identified in paragraphs 3(b)(1)-(5) and (7)-(8).

(e)     If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4.     **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of Local Rule 5.6. The party serving a subpoena in this action also shall provide all other parties with copies of any documents, information, or objections served by a non-party in response to the subpoena.

5.     **Correcting an Error in Designation.** A party or non-party who discloses or produces a Confidential, HIPAA-Confidential, or Attorneys' Eyes Only document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as Confidential, HIPAA-Confidential, or Attorneys' Eyes Only.

6.     **Use of a Confidential Document in Court.**

(a)     Filing. This protective order does not authorize the filing of any document under seal. A Confidential document may be filed only in accordance with LR 5.6.

(b)     Presentation at a hearing or trial. A party intending to present another

party's or a non-party's confidential document at a hearing or trial must

promptly notify the other party or the non-party so that the other party or

non-party can seek relief from the Court.

**7.     Changing a Confidential Document's Designation.**

(a)     Document disclosed or produced by a party. A Confidential, HIPAA-

Confidential, or Attorneys' Eyes Only document disclosed or produced by

a party remains confidential unless the parties agree to change its

designation or the Court orders otherwise.

(b)     Document produced by a non-party. A Confidential, HIPAA-Confidential,

or Attorneys' Eyes Only document produced by a non-party remains

confidential unless the non-party agrees to change its designation or the

Court orders otherwise after providing an opportunity for the non-party to

be heard.

(c)     Changing a designation by court order. A party who cannot obtain

agreement to change a designation may move the Court for an order

changing the designation. If the motion affects a document produced by a

non-party then, with respect to the motion, that non-party is entitled to the

same notice and opportunity to be heard as a party. The party or non-party

who designated a document as confidential must show that the designation

satisfies Fed. R. Civ. P. 26(c).

**8.    Handling a Confidential Document after Termination of Litigation.**

(a)    Within 60 days after the termination of this action (including any appeals), each party must:

   (1)    return or destroy all Confidential, HIPAA-Confidential, and Attorneys' Eyes Only documents; and

   (2)    notify the disclosing or producing party or non-party that it has returned or destroyed all Confidential, HIPAA-Confidential, and Attorneys' Eyes Only documents within the 60-day period.

(b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any Confidential, HIPAA-Confidential, or Attorneys' Eyes Only document submitted to the court.

**9.    Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)    Notice.

   (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

   (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

(c)    The parties shall have the right to contest any claim that a document is privileged or otherwise protected from disclosure. Counsel will attempt to resolve the dispute on an informal basis. If the informal process does not produce a mutually acceptable resolution of the dispute, any party may apply to the Court for a ruling and may promptly present the information to the court under seal for a determination of the claim. In connection with the motion, the burden of establishing privilege shall remain with the party producing the information and claiming privilege. The producing party must preserve the information until the claim is resolved in accordance with Fed. R. Civ. P. 26(b)(5)(B).

10.    **Security Precautions and Data Breaches.**

(a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11.    **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

**12.    Qualified Protective Order.**

This Order shall be considered a HIPAA-Qualified Protective Order complying with

45 C.F.R. § 164.512(e)(l)(v)(A) and (B) and authorizing disclosure of protected health

information pursuant to 45 C.F.R. § 164.512(e)(l)(iv)(A).

**13.    Protected Health Information.**

(a)    The parties and their attorneys are hereby authorized to receive, subpoena

and transmit "protected health information" pertaining to Plaintiffs to the

extent and subject to the conditions outlined herein.

(b)    For the purposes of this qualified protective order, "protected health

information" shall have the same scope and definition as set forth in 45

C.F.R. § 160.103 and 164.501. Protected health information includes, but is

not limited to, health information, including demographic information,

relating to either (a) the past, present, or future physical or mental condition

of an individual, (b) the provision of care to an individual, or (c) the payment

for care provided to an individual, which identifies the individual or which

reasonably could be expected to identify the individual.

(c)    All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby

authorized to disclose protected health information pertaining to Plaintiffs to

attorneys representing the Plaintiffs and Defendants in the above-captioned

litigation.

(d)    The parties and their attorneys shall be permitted to use or disclose the

protected health information of Plaintiffs for purposes of prosecuting or

defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

(e) Prior to disclosing Plaintiffs' protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiffs' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiffs' protected health information do not use or disclose such information for any purpose other than this litigation.

(f) This Order does not control or limit the use of protected health information pertaining to Plaintiffs that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

(g) Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

**SO ORDERED.**

Dated: August 21, 2025                                         *s/Shannon G. Elkins*
                                                              SHANNON G. ELKINS
                                                              United States Magistrate Judge