UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, CAROL CLEMENS, FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and WILLIAM HULL, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE, INC., NAVIHEALTH, INC. and Does 1-50, inclusive,<br><br>      Defendants. | Civil File No. 23-cv-03514-JRT/SGE |

### DECLARATION OF MONICA FINOCCHIARO

I, Monica Finocchiaro, state and declare as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently to the truth of the facts stated herein.

2. I have a bachelor's degree from Harvard University. I was trained as a physician at Northwestern University, specializing in Physical Medicine and Rehabilitation. I completed my residency as Chief Resident at the Rehabilitation Institute

of Chicago (now known as the Shirley Ryan Ability Lab), widely considered the best rehabilitation hospital in the country.

3. During my early career, I worked in private practice and served as medical director of the inpatient rehabilitation unit at Weiss Hospital in Chicago for 7 years. During this time, I became an expert on Medicare guidelines, particularly as they relate to inpatient rehabilitation and skilled nursing care. I also taught rehabilitation residents from the Schwab Rehabilitation Hospital Residency Program about Medicare's medical documentation guidelines.

4. I began working for UnitedHealthcare in 2011. Originally, I worked as a medical director reviewing prior authorization claims. In 2021, after UnitedHealth Group acquired naviHealth, I was transferred to naviHealth to work as a medical director.

5. During my time at naviHealth, my ability to freely exercise clinical judgment in making coverage determinations was strictly curtailed. Instead of being allowed to make coverage determinations based upon my own clinical judgment, naviHealth management required adherence to length of stay recommendations ultimately generated by nH Predict.

6. naviHealth's internal claims review procedures were set up to follow the recommendations of nH Predict over my own professional judgment as a physician. Throughout my tenure at naviHealth, I was only allowed to "approve" for continued stay a handful of the hundreds of claims I was tasked with reviewing.

7. My circumstances were not unique. Based on my experience, I believe other physicians were also not permitted to deviate from the "recommendation" created by nH Predict, regardless of their own professional medical judgment. I believe these actions

resulted in wrongful denial of many medically necessary claims.

8. Through my experience, I am familiar with the requirements of Medicare guidelines with respect to payment of medically necessary care. It is my opinion that the strict adherence to nH Predict required by naviHealth frequently resulted in violations of Medicare guidelines and inappropriate denials of medically necessary care.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  Aug 28, 2025 , in  Walled Lake, Michigan .

*Monica Finocchiaro*
Monica Finocchiaro (Aug 28, 2025 19:03:31 EDT)
Monica Finocchiaro, M.D.