UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Estate of Gene B. Lokken, *et al.*, | Case No. 23-cv-3514 (JRT/SGE) |
| Plaintiffs, | |
| v. | **ORDER** |
| UnitedHealth Group, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Amend the Pretrial Scheduling Order (Dkt. 115). The Court heard oral argument on the motion September 4, 2025. (*See* Dkt. 125.) For the reasons stated during the hearing, United States Magistrate Judge Shannon G. Elkins, denied Defendants' motion on the record. This Order memorializes the Court's ruling.

## BACKGROUND

This is a putative class action alleging that UnitedHealth Group, Inc., and naviHealth, Inc., used an artificial intelligence program called nH Predict to deny medical care coverage in violation of the terms of the Plaintiffs' insurance agreements. Defendants moved to dismiss the Complaint, and United States District Judge John R. Tunheim granted-in-part and denied-in-part the Motion. (Dkt. 91.) Judge Tunheim determined that several of Plaintiffs' state claims were preempted by federal statute, but he allowed Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing to proceed. He wrote that these claims "effectively arise out of

[Defendants'] evidence of coverage documents because the question [is] whether UHC complied with its statement that claim decisions would be made by 'clinical services staff' and 'physicians' when it allegedly used artificial intelligence." (Dkt. 91 at 19.)

After receiving this partially adverse ruling, Defendants requested Judge Tunheim allow them to file a motion to reconsider the Order. (Dkt. 95.) Judge Tunheim denied the request but clarified his previous order stating,

> . . . UHC requests clarification from the Court on the scope of the contract claims and damages. The contract claims survived preemption due to their independence from the Medicare Act, which limited the Court's analysis to the Evidence of Coverage ("EOC") documents provided by UHC. Accordingly, the contract claims are limited to breaches of EOC terms.

(Dkt. 104 at 2.)

Defendants then filed the instant motion on August 21, 2025, asking this Court to amend the pretrial scheduling order to bifurcate discovery into two stages. Defendants propose the first stage would allow discovery only for the "threshold factual question of whether Defendants used nH Predict in place of physician medical directors to make adverse coverage determinations related to the named Plaintiffs' care in skilled nursing facilities." (Dkt. 117 at 7.) After the first stage of discovery, Defendants state, the case would be ripe for summary judgment to determine whether a genuine issue of material fact exists with respect to the named Plaintiffs. Under Defendants' proposal, stage two discovery, which would include expert and class-based discovery, would take place only if the court determines that the named Plaintiffs have demonstrated genuine issues of material fact.

## **DISCUSSION**

### I.    **Legal Standard**

The federal rules provide that the Pretrial Scheduling Order "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). Rule 42 allows courts to "issue any . . . orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). Furthermore, and much more generally, Rule 1 mandates that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

The federal rules also provide, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Whether to bifurcate discovery is within the discretion of the Court. *See, e.g.*, *Adam v. CHW Grp., Inc.*, Case No. 21-cv-0091-LRR-MAR, 2021 WL 7285904, at *1-2 (N.D. Iowa June 29, 2021). The party seeking bifurcation bears the burden of showing that it will be prejudiced if the discovery is not bifurcated, and the party must allege undue burden, expense, or prejudice associated with discovery. *See, e.g.*, *Ameritas Life Ins. Corp. v. Fed. Ins. Co.*, Case No. 16-cv-3006, 2017 WL 432693, at *2 (D. Neb. Jan. 31, 2017), and *United States v. Thompson*, Case no. 13-cv-180, 2014 WL 2624927, at *4 (D. Neb. June 12, 2014).  Although the Eighth Circuit has not directly addressed the issue, the Court has noted that "[b]road discovery should usually be permitted prior to class certification." *Johnson v. Nekoosa-Edwards Paper Co.*, 558 F.2d 841, 845 n.5 (8th Cir. 1977), cited in *Cosgrove v. OS Restaurant Servs., Inc.*, 2010 WL 11575055, at *3 (D. Minn. Aug. 31, 2010).

There are occasions where bifurcation is appropriate where resolving a "narrow, potentially dispositive issue" could obviate the need for costly class discovery. *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, Civ. No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (TCPA case). "Notwithstanding the general difficulty and potential drain on judicial resources in managing bifurcated discovery in class action litigation, determining whether the advantages of bifurcation outweigh its disadvantages is a factual inquiry assessed on a case-by-case basis." *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*, Civ. No. 14-1327, 2016 WL 4541870, at *2 (D.N.J. Aug. 31, 2016).

## II.    Bifurcating discovery is inappropriate in this case.

Defendants argue that good cause exists to bifurcate discovery because it would promote efficient resolution of the dispute and preserve judicial economy. Defendants propose that the Court order the parties to conduct discovery into the merits of the named class representatives first and require Plaintiffs to survive summary judgment before allowing any expert or class-based discovery. Plaintiffs argue that bifurcation would lead to additional, avoidable motion practice and that Defendants' failure to seek bifurcation earlier in the litigation demonstrates a lack of diligence that undercuts their argument for good cause.

The Court does not find Defendants' arguments about efficiency persuasive. Defendants' argument that bifurcation will save the parties the time and the expense of class discovery assumes their success on a motion for summary judgment. However, if their motion for summary judgment fails, bifurcating discovery will only delay the case

and prejudice the Plaintiffs by requiring them to litigate discovery and summary judgment twice.

Reviewing how this case has proceeded thus far, the Court also disagrees that bifurcation would promote judicial economy. Defendants resisted proceeding with discovery at the initial Rule 26(f) Report stage, at the Rule 16 scheduling conference, and again by successfully moving to stay discovery last August. (See Dkt. 56, 69.) Then, when Defendants received a partially adverse ruling from Judge Tunheim, they decided not to answer many of Plaintiffs' discovery requests and instead moved, for the first time since this case was filed in 2023, to bifurcate discovery so that they would only have to produce discovery relevant to the eight named Plaintiffs.

Defendants do not propose to conduct discovery on a narrow legal issue that might resolve a lurking dispositive issue. Rather, they propose to litigate the entire case as to the named plaintiffs and proceed to litigate with respect to the class only if the named Plaintiffs survive summary judgment. Defendants submit that they want summary judgment to precede class certification to resolve one "straightforward" and "limited" question— whether or not Defendants breached the terms of the insurance contracts by allegedly making coverage care determinations based on their use of nH Predict instead of relying on individualized decisions by physician medical directors. But bifurcating discovery creates tension between what is "class-related" discovery and what is "merits" discovery.

The Supreme Court has stated that class certification analysis under Rule 23 "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

5

351 (2011) (cleaned up). This inherent overlap, as well as the potentially thorny question of whether certain discovery would classify as class or merits discovery, has left courts "reluctant to bifurcate class-related discovery from discovery on the merits." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, Civ. No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) (cleaned up).

A good example of this tension between class discovery and merits discovery played out in Plaintiffs' contemporaneously filed Motion to Compel. (*See* Dkt. 109.) Many of the discovery requests made by Plaintiffs went unanswered because Defendants perceived the requests to relate to class discovery. But many of the discovery responses Plaintiffs moved to compel would be relevant to both the "merits" of the case and the "class certification" issues.

The Court finds that bifurcating discovery in this case would lead to avoidable disputes over whether a particular discovery request relates to the merits or to class certification. This would not economize the judicial involvement in this case and could potentially compound it, frustrating rather than furthering judicial economy.

Additionally, this Court does not read Judge Tunheim's Order as narrowing the scope of the dispute in the way Defendants argue. This Court does not believe Judge Tunheim intended the parties to litigate only the claims as they relate to the named Plaintiffs first. Rather Judge Tunheim's task in ruling on the Motion to Dismiss was to determine whether the claims were preempted by the Medicare Act. As his subsequent Order clarifies, the contract-based claims survived preemption due to their independence from the Medicare Act and because the contract claims were limited to breach of the

6

Evidence of Coverage terms. This Court cannot conceive of a reading of Judge Tunheim's Orders that limited discovery to the named Plaintiffs.

The Court has considered the general difficulty and potential drain on judicial resources in managing bifurcated discovery in this litigation and determines that the advantages of bifurcation are outweighed by its disadvantages to both the parties and the Court. Simply put, this Court determines that bifurcation would create more problems than it would solve in this particular case.

## ORDER

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Amend the Pretrial Scheduling Order (Dkt. 115) is **DENIED.**

Dated: September 8, 2025

                                        *s/Shannon G. Elkins*
                                        SHANNON G. ELKINS
                                        United States Magistrate Judge