UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Estate of Gene B. Lokken, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>UnitedHealth Group, Inc., et al.,<br><br>                Defendants. | Case No. 23-cv-3514 (JRT/SGE)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

---

[1] Parties who agree to seek a modification of this Scheduling Order must file a joint motion with the proposed order to the Court.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues and shall jointly file a proposed e-discovery order, identifying any terms on which the parties disagree by **October 3, 2025**.

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties made their initial disclosures under Fed. R. Civ. P. 26(a)(1) on **July 25, 2024**.

2. The parties shall meet and confer to discuss the identity of relevant custodians, the use of Technology Assisted Review (TAR), or keyword searching on or before **October 24, 2025**.

    Disputes related to the initial search terms and custodians for the first requests for production shall be presented to the Court by **November 7, 2025** for scheduling thereafter.

3. The parties must commence fact discovery procedures in time for substantial completion of all document productions necessary to respond to the opposing party's first request for production by **February 27, 2026**.

4. The parties shall serve 30(b)(6) deposition notices no later than **May 15, 2026**. The parties will meet and confer regarding further deposition protocols, including protocols for Rule 30(b)(6) witnesses and allocation of time for direct and cross for all witnesses.

5. All fact discovery must be completed on or before **December 11, 2026**.

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of **50** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

2. No more than **50** document requests shall be served by each side.

        Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

3. No more than **30** requests for admissions shall be served by each side.

4. No more than **120 hours** of factual depositions, excluding expert witness depositions, shall be taken by each side.

## DEADLINES FOR EXPERT DISCOVERY

1. Each side may call no more than 5 experts to testify.

2. The parties may rely on expert witnesses in connection with any motion for class certification filed by Plaintiffs. The schedule for expert materials relied upon by the Partries in connection with that motion is described below with the proposed Class Certification schedule.

3. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities and disclosures by the Plaintiff on or before **December 11, 2026**.

    b) Identities and disclosures by the Defendant on or before **March 11, 2027**.

4. All trial expert discovery, including expert depositions, must be completed by **April 16, 2027**.

5. Each party may take up to one, seven-hour deposition of each trial expert relied upon by the opposing party. These depositions may be taken in addition to any depositions taken in connection with any class certification motion.

## CLASS CERTIFICATION DEADLINES

1. Any expert declarations offered in support of or opposition to class certification shall comply with Fed. R. Civ. P. 26(a)(2)(B) and (C). Fed R.

Civ. P. 26(a)(2)(B)(i) shall be satisfied by providing a complete statement of all opinion the witness will express in connection with class certification and the basis and reasons for them.

   a. Plaintiffs shall disclose any expert declaration in support of any class certification motions by **May 15, 2026**.

   b. Defendant shall disclose any expert declarations in opposition to the motion by **August 28, 2026**.

2. Plaintiffs shall file their motion for class certification and any *Daubert* motions related to class certification by **September 18, 2026**.

3. Defendants shall file their opposition to Plaintiffs' class certification and *Daubert* motions and any *Daubert* motions related to class certification by **November 20, 2026**.

4. Plaintiffs shall file their reply brief in support of class certification and memoranda in opposition to any of Defendants' *Daubert* motions related to class certification by **December 18, 2026**.

5. Defendant shall file reply briefs in support of any *Daubert* motions related to class certification by **January 15, 2027**.

6. The parties agree that they may take up to one, seven-hour deposition of any expert witness relied upon in support of or opposition to any class certification motion.

**NON-DISPOSITIVE MOTION DEADLINES**

   1.  All non-dispositive motions and supporting documents relating to

       fact discovery shall be filed and served no later than 14 days after the close of fact discovery.

2. All non-dispositive motions and supporting documents relating to expert discovery shall be filed and served no later than 14 days after the close of expert discovery.

## **DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Elkins_Chambers@mnd.uscourts.gov stating:

    a) the discovery dispute;

    b) whether all parties agree to informal dispute resolution; and

    c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

## **NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions,

also be in the form prescribed by Local Rule 37.1. The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Elkins' Courtroom Deputy at 651-848-1210 or Elkins_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom Deputy must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides. Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time, and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits. If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

## INFORMAL DISPUTE RESOLUTION

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone conference. The parties will then be allowed to each

email to Elkins_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

## **DISPOSITIVE MOTIONS**

### **Judge John R. Tunheim**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **April 30, 2027**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before 21 days after service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed 14 days after service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall email Judge John R. Tunheim's chambers at tunheim_chambers@mnd.uscourts.gov to request a hearing date. Upon receiving a hearing date, time and location from Judge Tunheim's Courtroom Deputy, the moving party shall file an amended notice of hearing at that time.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and any amendments to that Local Rule. If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

(A)   Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

   (i)   briefly describe the document;

   (ii)   explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

   (iii)   identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)   Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form." *Attached here.* The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

### SETTLEMENT STATUS MEEETINGS & CONFERENCE

Zoom audio-only status conferences to update the Court on discovery and the parties' positions as to when a settlement conference before the Court or a private mediation would be productive are scheduled for **January 30, 2026, at 2:00 p.m.** and **April 30, 2026 at 2:00 p.m.** Chambers will circulate login information in advance of the status conferences.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to Elkins_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

## **TRIAL**

This case will be ready for a **jury** trial on or about **September 6, 2027**. The anticipated length of trial is **14** days.

Date: October 2, 2025

                                           *s/ Shannon G. Elkins*
                                           SHANNON G. ELKINS
                                           United States Magistrate Judge

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH MAGISTRATE JUDGE SHANNON G. ELKINS

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |