UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, CAROL CLEMENS, THE ESTATE OF FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, AND WILLIAM HULL, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE, INC., NAVIHEALTH, INC. and Does 1-50, inclusive,<br><br>           Defendants. | Civil File No. 23-cv-03514-JRT-SGE<br><br>**DECLARATION OF JULIE KARGER IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

I, Julie Karger, declare as follows:

1. I am over 18 years of age, of sound mind and body, and otherwise competent to testify. I have personal knowledge of the facts set forth in this declaration and, if called to testify about those facts, could and would do so competently and under oath.

2. My current title is Senior Director of People Experience for UnitedHealth Group Incorporated ("UHG"). I have held a director role since 2016. Historically, I have been responsible for, among other things, training employees, and assisting new and existing employees with onboarding and the completion of UHG-required documents. I am

generally familiar with the systems used to store UHG employee files and UHG personnel file management practices.

3. I am making this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel.

4. There is no central repository housing personnel records that would be susceptible to a key word search. Starting March 27, 2022, when naviHealth's records were integrated into the UHG organization, personnel records for naviHealth employees were saved in at least three separate database systems. To perform a key word search, the relevant records would need to be manually pulled for each individual employee and then placed in a separate review platform.

5. The types of records UHG maintains are those defined as "personnel records" under Minn. Stat. § 181.960, subd. 4. Manager notes are not part of personnel records. Accordingly, discussion of the rationale for an employee's termination and records of informal reprimands are generally not included in a given personnel record in the database systems. Codes documenting termination decisions are standardized, often numeric or short alphanumeric identifiers, and will categorize at a high level of generality the rationale for the termination of employment. For example, such codes might characterize a termination of employment as "voluntary" or "involuntary" but the personnel records generally will not provide further information regarding the rationale for the termination.

6. The process of pulling personnel records is time-consuming and imposes significant burden. Further, it can prove futile given that discussions of terminations and informal reprimands may or may not be included.

7. Based on my experience, I estimate it takes on average at least 1 hour to pull personnel records for one employee from the three separate database systems and load them into a separate review platform to search. If there are complications with the records, it can take longer.

8. Currently, approximately 2,300 clinicians work for naviHealth. I estimate it would take at least 2,300 hours to collect personnel records for 2,300 clinicians. This estimate does not include former employees. We would first have to identify those individuals by title or job code and then pull those personnel records from the databases as well.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2026 in Waconia, Minnesota.

Signed by:
*Julie Karger*
EFD1C16B86D74B7...

Julie Karger