UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, CAROL CLEMENS, THE ESTATE OF FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and William Hull, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>vs.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE, INC., NAVIHEALTH, INC. and Does 1-50, inclusive,<br><br>              Defendants. | Civil File No. 23-cv-03514-JRT-SGE<br><br>**DECLARATION OF MICHELLE S. GRANT IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

I, Michelle S. Grant, state and declare as follows:

1. I am a partner in the law firm of Dorsey & Whitney LLP and one of the attorneys representing Defendants in the above-captioned matter. I submit this Declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel.

2. This Declaration is based upon information and belief and upon my personal knowledge.

**Background Regarding Plaintiffs' Document Requests**

3. Plaintiffs served their first set of document requests on Defendants on May

1

16, 2025. Defendants served their objections and responses to Plaintiffs' first set of document requests on June 30, 2025. Defendants served amended objections and responses on November 20, 2025.

4. Plaintiffs served their first set of interrogatories on Defendants on May 16, 2025. Defendants served its objections and answers to Plaintiffs' first set of interrogatories on June 30, 2025. Defendants served amended objections and answers on November 20, 2025.

5. The parties have held multiple discovery conferences and sent correspondence several times regarding document discovery.

**Defendants' Document Collection, Review, and Production**

6. Defendants' personnel and attorneys at Dorsey worked together to collect, review, and produce documents responsive to document requests made by Plaintiffs in this matter.

7. Defendants produced two sets of non-custodian documents, on August 25, 2025, and October 31, 2025. The first production contained the named Plaintiffs' administrative records and included 1,038 documents (totaling 18,690 pages plus documents in native form, making the production larger).

8. The second production contained various training materials and policies applicable to Medical Directors and care coordinators, and included 459 documents (totaling 1,513 pages plus documents in native form, making the production larger).

9. Defendants conducted additional searches for responsive documents primarily on a custodian basis. Due to the volume of data housed and generated each day

2

in the normal course of its business, identifying custodians who are likely to have responsive information germane to the claims and defenses in any given litigation matter was the most efficient way to identify potentially responsive information. After negotiations with Plaintiffs over custodians and search terms, the parties agreed on 16 custodians and a set of 22 different search term strings.

10. Defendants applied the agreed-upon search terms for the 16 custodians for the time period of July 1, 2019, to date of collection. This resulted in a set of 51,448 documents. After removing duplicate documents and applying email threading consistent with the ESI Protocol, the total review population from individual custodians included 37,749 documents that are being reviewed for responsiveness and privilege.

11. On January 26, 2026, Defendants produced 4,012 documents sourced from individual custodians, amounting to 34,731 pages plus documents in native form. The review of the custodial documents is still ongoing.

12. To date, Defendants have produced 5,509 documents, translating to approximately 54,934 pages plus numerous Excel spreadsheets and other documents in native form.

13. Defendants are still undergoing their document review, including of the custodial records, and will continue to roll out productions.

14. To date, Defendants have spent a total of approximately $156,000 in relation to the review and production of documents in this matter. This total consists of data processing, loading, production, and contract attorney document review costs as well as Dorsey attorney fees covering time spent training and overseeing contract attorneys.

15. Attached as **Exhibit A** is a true and correct copy of excerpts of a UnitedHealthcare Group Medicare Advantage plan document titled "Evidence of Coverage 2024," for the coverage period of January 1, 2024 through December 31, 2024, with bates stamp UHG_LOKKEN_00000043-318

16. Attached as **Sealed Exhibit B** is a true and correct copy of document titled "Medical Director Review Form" concerning care rendered for Plaintiff Frank Chester Perry, dated September 21, 2023, with bates stamp UHG_LOKKEN_00007489-90.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 4, 2026                     */s/ Michelle Grant*
                                            Michelle S. Grant