# Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, CAROL CLEMENS, THE ESTATE OF FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and WILLIAM HULL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE, INC., NAVIHEALTH, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 23-CV-03514 (JRT/SGE) |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs the Estate of Gene B. Lokken, Glennette Kell, Darlene Buckner, Carol Clemens, the Estate of Frank Chester Perry, the Estate of Jackie Martin, John J. Williams, as trustee of the Miles and Carolyn Williams 1993 Family Trust, and William Hull ("Plaintiffs"), on behalf of themselves and all others similarly situated, and by and through their counsel, hereby request that Defendants UnitedHealth Group, Inc., United Healthcare, Inc., naviHealth, Inc., and Does

1-50 (collectively "Defendants" or "UHC") produce and permit Plaintiffs, by their attorneys, to inspect and copy the Documents listed in this Second Set of Requests for Production of Documents ("Requests") described below. Plaintiffs request that Defendants respond to these Requests within 30 days of service and produce the requested documents to the law office of Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, Minnesota 55401, or via secure file transfer. Plaintiffs request that such production be made in accordance with the "DEFINITIONS," "INSTRUCTIONS," and "RELEVANT TIME PERIOD" set forth below.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Requests without regard to capitalization.

1. General Definitions:

   a. The masculine, feminine, or neutral pronouns do not exclude any other genders.

   b. "Including" means "including but not limited to."

   c. The present tense shall be construed to include the past tense and vice versa.

   d. "And" and "or" shall be construed either disjunctively or conjunctively, whichever is appropriate to have the broadest reach.

   e. "Any" means one or more, "Each" means each and every, and "All" means all and any.

   f. "Concerning" means relating to, referring to, describing, evidencing or constituting.

   g. "Including" means including but not limited to and including without limitation.

   h. "Relate" or "related" or "relating" means, without limitation, refer to, discuss, describe, memorialize, reflect, consider, pertain to, analyze,

evaluate, constitute, study, survey, record, summarize, criticize, comment, or otherwise involve, in whole or in part.

i. References to employees, officers, directors, or agents include both current and former employees, officers, directors, or agents.

2. "Action" or "Actions" refers to the above-captioned action, which is pending in the United States District Court for the District of Minnesota.

3. "Communication" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, thoughts, symbols, opinions, data, inquiries, or otherwise) by one or more persons and/or between two or more persons by or through any means and includes, without limitation, oral and written communications of any kind, such as correspondence, memoranda, letters, notes, reports, presentations, comments, face-to-face, conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type, including on social media. Communication includes instances where one party addresses the other party, but the other party does not necessarily respond.

4. "Defendant(s)," "UHC," "You," or "Your" refers to the entire corporate family to which these Requests are sent and includes UnitedHealth Group, Inc., United Healthcare, Inc., and naviHealth, Inc. and their current or former predecessors, successors, parents, subsidiaries, divisions, affiliates, directors, officers, agents, managing agents, current and former employees, and all other persons acting on behalf of, or at the direction of, such entities.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A) and shall have the broadest possible meaning and interpretation ascribed to the term "documents" under the Federal Rules of Civil Procedure. "Document" is defined to include, without limitation, any document and electronically-stored data or information stored in any medium, including

electronic or computerized data compilations, electronic chats, instant messaging, email communications, other ESI from personal computers, audio and video recordings, photographs, and hard copy documents. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

6. "Electronically Stored Information" or "ESI" means information that is stored electronically, regardless of media or whether it is in the original format in which it was created.

7. "Employee" means, without limitation, any Person who worked for You as an independent contractor or who You employ or employed during the Relevant Time Period, including, without limitation, any current or former officer, director, executive, manager, secretary, assistant, staff member, messenger, consultant, contractor, sales personnel, or agent, or any other person paid directly or indirectly by an entity for any reason. "Employee" and "personnel," as used herein, shall have the same meaning and scope.

8. "Identity," "Identify" or "identifying" means, depending on whether the Request seeks to identify persons, documents, or transactions or occurrences:

a. When referring to a person, these terms mean to provide the full name, last known residence address, home telephone number, email address, and, with respect to Your employees, the last known job title or position, job title or position when working in the relevant position, tenure of employment with Defendant(s) (if applicable), business address(es), business telephone number(s) and business email address(es) during the relevant time period, and a detailed description of the area of responsibility while in the relevant position.

b. When referring to Documents, these terms mean to state the type of document, its title, author, recipients, date, and Bates-stamp numbers (if

any), the location of the document, and to identify the custodian of the Document.

c. When referring to a transaction or occurrence, these terms mean to provide the date of the transaction or occurrence and identify each person who was a party to the transaction or occurrence.

9. “Insureds” means plan members, patients, insureds, participants, and beneficiaries that are members of any proposed class in this Action.

10. “Medical Directors” means physician medical professionals reviewing insurance claims for Defendants.

11. “Person” means, without limitation, any natural person, entity, individual, or group of individuals, or any business, partnership, joint venture, unincorporated association, corporation, firm, estate, legal or governmental entity, or association.

12. “Skilled nursing care” means the medical treatment and rehabilitation that takes place in a skilled nursing facility (“SNF”).

13. “nH Predict” means naviHealth’s software program, tool, or AI algorithm developed and used by You in making coverage determinations.

14. “SICCs” means Your Skilled Inpatient Care Coordinators employed by naviHealth.

## INSTRUCTIONS

1. You are requested to produce all documents in your possession, custody, or control that are described below.

2. As the term “possession” relates to emails, the term includes without limitation: (a) “deleted” or “archived” emails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) “sent” emails, including all subdirectories irrespective of the title of such subdirectories; (c) “received” emails, including all subdirectories irrespective of the title of such subdirectories; and (d) draft emails, even if unsent.

3. Unless otherwise indicated, the Documents to be produced include all Documents prepared, sent, dated, or received, or those that otherwise existed, during the Relevant Time Period.

4. In producing Documents, you are requested to produce each original Document together with all non-identical copies and drafts of that Document.

5. All documents shall be produced as they are kept in the usual course of business, organized, and labeled to correspond with each Request. Documents produced in response to one Request need not be produced again in subsequent Requests, provided they are clearly designated as being responsive to the subsequent Request.

6. A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

7. All electronically stored information must be produced in a form consistent with any court-ordered ESI Protocol in this case.

8. Documents not otherwise responsive to a Request shall be produced if such Documents refer to or explain the Documents that are called for by the Request, or if such Documents are attached to (or the parent document of) Documents called for by the Request.

9. If any Document sought by the Requests is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, you must identify the Document, the reason for its loss, destruction or unavailability, the name of each person known or reasonably believed by you to have present possession, custody, or control of the original and any copy thereof (if applicable).

10. If You object to any Request or to any portion of any Request, state the grounds for the objection with specificity, as required by Fed. R. Civ. P. 34(b)(2)(B), so that Plaintiffs can understand how the objection relates to their request, and respond to the remainder.

11. If You assert an objection to any request, You must nonetheless respond and produce any responsive Documents that are not subject to the stated objection. If you object to any Request or to any portion of any Request, state whether any responsive materials are being withheld on the basis of the objection, as required by Fed. R. Civ. P. 34(b)(2)(C). In particular, state clearly—for each Request—what categories of Documents are being produced, and what categories of Documents (if any) are being withheld based on the objection(s). If no Document or ESI responsive to a Request exists, please state that no responsive Document or ESI exists. This will allow Plaintiffs to understand your responses and streamline the meet and confer process.

12. This Request for Production is continuing in nature. In accordance with Fed. R. Civ. P. 26(e), supplemental responses and production should be promptly provided as additional Documents are found or become available during the litigation. If a Document described by a Request is not in existence or in your possession, custody, or control at the time of the first response to the Request, but later comes into existence or into your possession, custody, or control, you must immediately produce that Document. Plaintiffs reserve the right to propound additional document requests.

13. If You assert a claim of privilege as to one or more Documents or portions of Documents sought in this Request for Production, you should submit a privilege log that lists, for each such Document for which privilege is claimed: (i) the number and particular part of the Document request to which the supposed privileged information is responsive; (ii) the Bates range, file name, or Document ID number as applicable; (iii) the Document title, or in the case of emails, subject line, (iv) the type of Document (e.g., letter, memorandum, account statement, etc.); (v) the Document's date and the date of any meeting, conversation, or event reflected or referred to in the Document; (vi) the signatory or signatories, author(s), addressee(s), and/ or each other person who sent or received a copy of the Document or to whom the contents of the allegedly privileged communication contained in the Document have been disclosed, either orally or in writing; (vii) a

description of the subject matter of the Document; (viii) the Document's location and custodian; and (ix) the basis for the claim of privilege. Such information should be supplied in sufficient detail to permit Plaintiffs to assess the applicability of the privilege claimed. To the extent the parties enter into a stipulation concerning a privilege log and/or its format (or the Court orders one), and/or any related requirements, You shall produce a privilege log in accordance with those requirements.

14. When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible. If a privilege is asserted with regard to part of the material contained in a Document, you should clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted in any fashion, you should identify as to each Document the reason for the redaction using the procedures set forth in the paragraph above. Any redaction should be clearly visible on the redacted Document.

15. Unless otherwise ordered by the Court or provided in a protocol entered into by the Parties, if one or more members of a Document family are wholly withheld as privileged, the entire family shall be produced with the wholly withheld privileged document(s) identified with a Bates stamped slipsheet placeholder TIFF.

16. If You claim ambiguity in interpreting a request (or definition or instruction), Your claim shall not be utilized as a basis for refusal to respond to the request, and You shall set out in Your response the language deemed ambiguous and the interpretation used in responding to that request.

## RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the relevant time period for each document request is November 14, 2017, through the present (the "Relevant Time Period"), and shall include all Documents and information that relate to such period, even if prepared or published outside of it. If a Document prepared before this period is necessary for a correct or complete understanding of any Document covered by a Request, you must produce the

earlier Document as well. If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

## SPECIFIC DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 20:

All Documents constituting a Medicare Advantage bid made to CMS or other relevant entities relating to Defendants' Medicare Advantage plans from plan year 2017 to the present, or documents included with or attached to such a bid.

### REQUEST FOR PRODUCTION NO. 21:

All Documents and Communications relating to the development, drafting, analysis, or creation of, Defendants' Medicare Advantage bids as relates to post-acute care and post-acute care utilization, from plan year 2017 to the present, and the relevant underlying data supporting the portions of such bids relevant to post-acute care.

### REQUEST FOR PRODUCTION NO. 22:

All Documents or Communications constituting non-investigatory (i.e., not disclosures made as part of an affirmative investigation by the government) disclosures made to the CMS or other relevant government entities about Defendants' use of naviHealth or use of nH Predict.

Dated: March 24, 2026

*/s/ Glenn A. Danas*

Ryan J. Clarkson (CA #257074)
Glenn A. Danas (CA #270317)
Zarrina Ozari (CA #334443)
Michael A. Boelter (CA #353529)
*Pro Hac Vice*
CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
rclarkson@clarksonlawfirm.com

gdanas@clarksonlawfirm.com
zozari@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

Karen Hanson Riebel (#0219770)
David W. Asp (#0344850)
Derek C. Waller (#0401120)
Simeon A. Morbey (#0391338)
Emma Ritter Gordon (#0404000)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. South, Ste. 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com
dwasp@locklaw.com
dcwaller@locklaw.com
samorbey@locklaw.com
erittergordon@locklaw.com

James Pizzirusso (DC #477604)
Nicholas Murphy (DC #90011138)
*Pro Hac Vice*
HAUSFELD LLP
1201 17th St., NW, Ste. 600
Washington, DC 20006
Tel: (202) 540-7200
jpizzirusso@hausfeld.com
nmurphy@hausfeld.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026, a true and correct copy of the foregoing **Plaintiffs' Second Set of Requests for Production of Documents** was served on the following parties via email.

**DORSEY & WHITNEY LLP**
Nicole Engisch (#0215284)
engisch.nicole@dorsey.com
Michelle S. Grant (#0311170)
grant.michelle@dorsey.com
Shannon L. Bjorklund (#0389932)
bjorklund.shannon@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

**DORSEY & WHITNEY LLP**
Nicholas J. Pappas (*pro hac vice*)
Pappas.nicholas@dorsey.com
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9387

Attorneys for Defendants

Dated: March 24, 2026

Jolen Medwid

# Exhibit B

DORSEY
DORSEY + WHITNEY LLP

**MICHELLE S. GRANT**
**Partner; Local Department Co-Head Trial**
**(612) 340-5671**
**FAX (612) 340-8738**
**grant.michelle@dorsey.com**

May 14, 2026

**VIA EMAIL**

Simeon Morbey
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. South, Ste. 2200
Minneapolis, MN 55401
samorbey@locklaw.com

Re: *Estate of Gene B. Lokken, et al. v. UnitedHealth Group, Inc., et al.*
Civil No. 0:23-cv-3514 (JRT/SGE)

Counsel:

I write in response to your letter dated May 5, 2026, and in follow-up to our discussion on April 30, 2026. As you know, we had planned to speak again today, but in light of the new proposed schedule circulated by Plaintiffs yesterday late afternoon, and the desire to respond in writing to the letter in order to make the conference more productive, we requested rescheduling.

We have a foundational question regarding Plaintiffs' Second Set of Requests for Production—their relevance, if any, to any existing claim. Plaintiffs have not articulated any reasonable connection between the requested documents and the breach of contract or breach of the implied covenant of good faith and fair dealing claims remaining in this case. When we asked how this was relevant to Plaintiffs' contract claims, the sole basis stated was that it is relevant to Plaintiffs' damages theory. Plaintiffs assert that these Medicare Advantage bids are relevant to Plaintiffs' theory of damages related to "price premiums." You stated that your experts need to "look[] for all of the parameters that go into calculating the premiums for all care involved in setting of price premium" to determine whether the parameters and inputs were properly disclosed to CMS. You also stated that you need documents going back to 2017 to compare the "before and after" when naviHealth began providing utilization management services to UHC to "see how utilization rates changed." On the call, you stated, "we think UHC is defrauding CMS and consumers, and what goes into the disclosures is relevant to our claims for breach of contract and breach of duty of good faith and fair dealing." Plaintiffs' argument appears to be that the utilization rates or expected utilization rates provided in the bids were not accurate. We have considered this response, and conducted additional legal research, and we fail to understand how these requests relate to any relevant legal theory. If you would kindly supply your legal authority to support how the requested documents support a claim for breach of contract or breach of the covenant of good faith and fair dealing, that would help us to further assess this request.

Plaintiffs do not have a fraud claim in this case, and Plaintiffs' bad faith and unfair practices claims were dismissed by the Court as preempted. Dkt. 91 at 24. The Medicare Advantage bid process, including the completion of the bid pricing tool and the documents and information required to be submitted is governed by regulations, guidance, and instructions from CMS and the Court has already found that Plaintiffs' claims "are preempted by the Medicare Act if they regulate the same subject matter as the Medicare standards or otherwise frustrate the purpose of a Medicare standard." Dkt. 91 at 18. Thus, we do not understand how the bid documents or any alleged misstatements to a regulator (which we strenuously deny exist) would be relevant to the contract-based claims between Plaintiffs and Defendants. Do you have authority supporting the notion that discovery relating to claims for breach of contract and the covenant of good faith and fair dealing is co-extensive with discovery for a claim for fraud or misrepresentation?

Further, Defendants do not see how the bid documents could be relevant to any cognizable damage theory for a contract-based claim. It appears that Plaintiffs are seeking some sort of disgorgement theory of damages (i.e., obtaining funds allegedly overpaid to Defendants), but disgorgement is not a cognizable theory of damages for breach of contract or breach of the duty of good faith and fair dealing claims. *Gofo, Inc. v. Chengle Wang*, 2025 Cal. Super. LEXIS 81504, at *20 (Cal. Sup. Ct. Dec. 22, 2025) (noting that disgorgement is an equitable remedy and not allowed as a form of contract damages); *U.S. Fire Ins. Co. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981) ("Having held the contract valid, we must now consider appellants' claim for equitable relief based on unjust enrichment. We deny this relief for two reasons. First, equitable relief cannot be granted where the rights of the parties are governed by a valid contract."). Further, the filed rate doctrine prohibits a party from recovering damages measured by comparing the filed rate and the rate that might have been approved absent the conduct in issue. *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 577-79 (1981).

Defendants have been investigating the steps for complying with your requests and will be prepared to discuss those during our next call. To be clear, we are not refusing to produce information, we are seeking information regarding any potential relevancy so we can adequately assess, and discuss, proportionality. As you know, proportionality within the meaning of Rule 26 requires evaluation of not only burden, but also the degree of relevancy and importance of the information sought. Receiving information regarding relevancy will meaningfully progress our discussions.

As noted above, during the April 30, 2026 call, Plaintiffs disclosed that at least one of their damage theories is that utilization rates in CMS bids were overstated by Defendants, resulting in alleged loss to Plaintiffs. The Second Amended Complaint did not give Defendants notice that Plaintiffs would rely on this theory for relief for their claims for breach of contract or the breach of the covenant of good faith and fair dealing. Given Plaintiffs' theory of damages relating to their surviving claims, Defendants plan to assert a defense based upon the "filed rate doctrine." *See Ark. La. Gas Co.*, 453 U.S. at 577-79.

DORSEY
DORSEY + WHITNEY LLP



While Defendants do not concede that this must be asserted as an affirmative defense, Defendants plan to move to amend their answer to identify this defense. Please let us know whether we can indicate that this motion is unopposed. If it would be helpful to confer via phone or video conference, we suggest that this be addressed at the next conference on these document requests.

Very truly yours,

Michelle S. Grant

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, JOHN CLEMENS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CAROL CLEMENS, THE ESTATE OF FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and BARBARA B. HULL, AND LORA K. POWELL, AS EXECUTORS OF THE ESTATE OF WILLIAM HULL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UNITEDHEALTH GROUP INC., UNITED HEALTHCARE, INC., NAVIHEALTH, INC. and DOES 1-50, inclusive,

Defendants.

Civil File No. 23-cv-03514-JRT-SGE

**SECOND AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants UnitedHealth Group, Incorporated ("UHG"), UnitedHealthcare, Inc. ("UHC"), and naviHealth, Inc. ("naviHealth") (collectively, "Defendants"), by and through counsel, submit the following Amended Answer ("Answer") to Plaintiffs' First Amended Complaint. Except as otherwise stated herein, Defendants deny each and every allegation in the Amended Complaint.

Each numbered response in this Answer is made subject to the following limitations as if fully set forth therein. *First*, except as expressly admitted or otherwise responded to below, Defendants deny all of the allegations in the numbered paragraphs of the Complaint. *Second*, any responses in this Answer do not constitute Defendants' acknowledgement or admission of the validity or relevance of such allegations. *Third*, Defendants deny any and all of Plaintiffs' characterizations of fact or law in the Complaint. *Fourth*, any responses in this Answer as to documents or communications referenced in the Complaint do not constitute Defendants' acknowledgement or admission of the admissibility of such documents or communications. Defendants expressly deny that Plaintiffs have accurately, completely, or in context cited from such documents or communications; rather, such documents and communications speak for themselves. *Fifth*, to the extent a response is deemed required to any of the section headings in the Complaint, Defendants deny any and all allegations in such headings. The section headings in this Answer exist for the purpose of convenience and shall not be deemed admissions. *Sixth*, the Court dismissed most of the causes of action of the Amended Complaint (Dkt. 91), and Defendants reserve the right to argue that various paragraphs in the Amended Complaint are now irrelevant to the remaining claims. *Seventh*, as to the prayer for relief, Defendants deny any liability or obligation, in any form or amount, to Plaintiffs.

Defendants further reserve their rights under the Federal Rules of Civil Procedure to amend this pleading to add additional or other defenses or to delete and withdraw defenses as may become necessary after additional discovery, investigation, or

subsequent developments relating to this case and expressly reserve their right to amend this Answer to assert such additional defenses in the future.

## INTRODUCTION

1. Defendants deny the allegations in Paragraph 1 and further state that the allegations in Paragraph 1 include legal conclusions that do not require a response.

2. Defendants deny the allegations in Paragraph 2. To the extent the allegations in the first sentence of Paragraph 2 purport to describe or characterize a document, which speaks for itself, no response is required.

3. Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 purport to characterize information from a website, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4 except Defendants admit that UHG's full year 2023 earnings from operations were approximately $32 billion.

5. Defendants deny the allegations in Paragraph 5, except Defendants admit that UHG is a health care and well-being company with a stated mission "to help people live healthier lives and make the health system work better for everyone."

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12. Defendants further state that the allegations in Paragraph 12 constitute legal conclusions that do not require a response.

13. Defendants deny the allegations in Paragraph 13, except that Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and similarly situated individuals (if any such individuals exist) but deny that they can properly do so.

## JURISDICTION AND VENUE

14. The allegations in Paragraph 14 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is deemed required, Defendants deny them, and deny that this Court has subject-matter jurisdiction over the claims brought against them by Plaintiffs for the reasons explained in their Motion to Dismiss and supporting briefing.

15. The allegations in Paragraph 15 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is deemed required, Defendants deny them and deny that this Court has subject-matter jurisdiction over the claims brought against them by Plaintiffs for the reasons explained in their Motion to Dismiss and supporting briefing.

16. Defendants deny the allegations in Paragraph 16, except Defendants admit that UHG and UHC have their principal place of businesses in Minnesota. The remainder of the allegations in Paragraph 16 of the Complaint constitute legal conclusions that do not require a response.

17. Defendants deny the allegations in Paragraph 17, except Defendants admit that UHG and UHC are residents of this District. The allegations in Paragraph 17 of the Complaint constitute legal conclusions that do not require a response.

**THE PARTIES**

18. Defendants deny the allegations in Paragraph 18, except Defendants admit, on information and belief, that Mr. Lokken is deceased and resided in Wisconsin at all times relevant to this action, and admit that he was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

19. Defendants deny the allegations in Paragraph 19, except Defendants admit, on information and belief, that Mrs. Kell resided in Oregon at all times relevant to this action and admit that Mrs. Kell was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

20. Defendants deny the allegations in Paragraph 20, except Defendants admit, on information and belief, that Mrs. Buckner resided in Wisconsin at all times relevant to this action and admit that Mrs. Buckner was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

21. Defendants deny the allegations in Paragraph 21, except Defendants admit, on information and belief, that that Mrs. Clemens resided in Minnesota at all times relevant to this action and admit that Mrs. Clemens was covered by a Medicare

Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

22. Defendants deny the allegations in Paragraph 22, except Defendants admit, on information and belief, that Mr. Perry resided in California at all times relevant to this action and admit that Mr. Perry was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

23. Defendants deny the allegations in Paragraph 23, except Defendants admit, on information and belief, that Mr. Martin resided in Tennessee at all times relevant to this action and was admit that Mr. Martin covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

24. Defendants deny the allegations in Paragraph 24, except Defendants admit, on information and belief, that Mr. Williams resided in California at all times relevant to this action and was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

25. Defendants deny the allegations in Paragraph 25, except Defendants admit, on information and belief, that Mr. Hull resided in California at all times relevant to this action and was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

26. Defendants deny the allegations in Paragraph 26, except Defendants admit that UHG is a corporation domiciled in Delaware, various UHG subsidiaries conduct insurance operations throughout the country, UHG is a health care and well-being company with a mission "to help people live healthier lives and make the health system

work better for everyone," and UHG has a license to use the federally registered service mark "UNITEDHEALTH GROUP."

27. Defendants deny the allegations in Paragraph 27, except Defendants admit that UHC is a corporation domiciled in Delaware with its principal place of business located at 9800 Health Care Lane, Minnetonka, Minnesota. Defendants further admit that affiliates of UHC market and issue health insurance and makes coverage and benefit determinations for certain plans.

28. Defendants admit the allegations in the first sentence of Paragraph 28. The second and third sentences in Paragraph 28 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response to the allegations in the second and third sentences is deemed required, Defendants deny them. Defendants admit the allegations in the last sentence of Paragraph 28.

29. In response to the first sentence of Paragraph 29, Defendants admit that Plaintiffs purport to sue fictitiously named Defendants Does 1 through 50 under Section 474 of the California Civil Procedure, but Defendants deny that Plaintiffs may properly sue fictitiously named Defendants in this way because it violates the Federal Rules of Civil Procedure, and they do not exist. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties…."). In response to the second and third sentences of Paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

## FACTUAL ALLEGATIONS

### A. Background

30. Defendants admit that UHC offered and sold Medicare Advantage health insurance plans to consumers through certain of its subsidiaries. Defendants deny that UHC or its affiliates offered and sold Medicare Advantage health insurance plans to Class members because this case has not been certified for class treatment, and certification would not be appropriate.

31. Defendants deny the allegations in the first sentence of Paragraph 31. The second and third sentences of Paragraph 31 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response to the allegations in the second and third sentences is deemed required, Defendants deny them.

32. Defendants deny the allegations in Paragraph 32, except Defendants admit that Plaintiffs enrolled with an affiliate of UHC to receive health insurance coverage under Medicare Advantage plans and Plaintiffs received an Evidence of Coverage ("EOC") document that sets forth the terms of coverage. Defendants deny the allegations in Paragraph 32 with respect to alleged Class members because this case has not been certified for class treatment, and certification would not be appropriate. The third sentence in Paragraph 32 purports to characterize the terms of the EOCs, which speak for themselves, and therefore no response is required.

33. Defendants deny the allegations in Paragraph 33, except Defendants admit, on information and belief based upon medical records, that named Plaintiffs received post-acute care following a hospital stay. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 33 as to unnamed Class Members, and on that basis, deny them. The allegations in the second sentence of Paragraph 33 purport to characterize the terms of the EOCs, which speak for themselves, and therefore no response is required. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

34. Defendants deny the allegations in Paragraph 34, except Defendants admit that post-acute care can be provided in the identified provider settings and that such care is typically received following an inpatient hospital stay.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36, except Defendants admit that coverage decisions for post-acute care can be made before or during a patient's stay in post-acute care.

37. Defendants deny the allegations in Paragraph 37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 37 regarding unnamed individuals and such individuals' benefit plans and, on that basis, deny them.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 purport to characterize documents, which speak for themselves, and therefore no response is required.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45, except Defendants admit the allegations in the first and second sentences.

46. Defendants deny the allegations in the first sentence of Paragraph 46. Defendants admit the allegations in the second sentence of Paragraph 46.

47. Defendants deny the allegations in Paragraph 47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47 as to unidentified claim denials, particularly as it appears to relate to market-wide data for Medicare Advantage plans beyond those issued by an affiliate of UHC. The allegations in the second sentence purport to characterize a document, which speaks for itself, but Defendants deny the truth of the purported statement as relates to Defendants' prior authorization request denials. Defendants deny the allegations in the last two sentences.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last three sentences of Paragraph 51 and, on that basis,

deny them. Defendants deny the remaining allegations in Paragraph 51, except Defendants admit that Plaintiffs are elderly people.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53, except they state that the allegations in the first sentence of Paragraph 53 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, on that basis, deny them.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55, except Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' and putative unnamed Class members' expectations or what they would have done.

**B. <u>Plaintiff the Estate of Gene B. Lokken</u>**

56. Defendants deny the allegations in Paragraph 56, except Defendants admit that the Estate of Gene B. Lokken purports to represent the interests of Mr. Lokken and that Mr. Lokken was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

57. Defendants admit that Mr. Lokken was admitted to the Aspirus Tomahawk Hospital in May 2022, and admit that medical records reflect a fractured leg and ankle.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, deny them.

59. On information and belief, Defendants admit the allegations in the first sentence of Paragraph 59 based upon the medical records received. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 59 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

62. Defendants admit that Mr. Lokken received physical therapy in early July 2022. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

63. Defendants admit the allegations in the first sentence of Paragraph 63. The allegations in the second and third sentences of Paragraph 63 purport to quote and characterize a document, which speaks for itself, and therefore no response is required.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, deny them.

65. Defendants deny the allegations in Paragraph 65, except state that the allegations in the second sentence of Paragraph 65 purport to quote a document, which speaks for itself, and therefore no response is required. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical

records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 66 and, on that basis, deny them, but aver that an appeal was submitted on Mr. Lokken's behalf. The third sentence in Paragraph 66 purports to characterize a document, which speaks for itself, and therefore no response is required. Defendants deny the allegations in the fourth sentence of Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 67 and, on that basis, deny them, but aver that appeals were submitted on Mr. Lokken's behalf. In response to the second sentence of Paragraph 67, Defendants admit that the services Mr. Lokken received following the denial of coverage were not covered, but they deny the remaining allegations in the second sentence of Paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 68 and, on that basis, deny them.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, deny them.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, deny them.

**C. Plaintiff Glennette Kell**

71. Defendants admit that Mrs. Kell was covered by a Medicare Advantage Plan provided by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants deny the allegation in Paragraph 71 that Mrs. Kell pays a monthly premium of $130.00 and aver that Mrs. Kell was enrolled in a $0.00 premium plan.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

73. On information and belief, Defendants admit that Mrs. Kell was admitted to Legacy Emanuel Medical Center on or around August 26, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

74. On information and belief, Defendants admit that Mrs. Kell was discharged from Legacy Emanuel Medical Center on or around August 30, 2023. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, on that basis, deny them.

75. On information and belief, Defendants admit the allegations in Paragraph 75.

76. Defendants admit that, on or around September 14, 2023, Mrs. Kell was notified that she no longer met the guidelines for a continued stay and deny the remaining allegations in Paragraph 76.

77. Defendants admit the allegations in the first sentence of Paragraph 77. The allegations in the second sentence of Paragraph 77 purport to quote and characterize a document, which speaks for itself, and therefore no response is required.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to when Mrs. Kell received the referenced denial letter and, on that basis, deny them. The remaining allegations in Paragraph 78 purport to characterize a document, which speaks for itself, and therefore no response is required.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 79 and, on that basis, deny them. The remaining allegations in Paragraph 79 purport to characterize a document, which speaks for itself, and therefore no response is required.

80. The allegations in Paragraph 80 purport to characterize a document, which speaks for itself, and therefore no response is required.

81. The allegations in Paragraph 81 purport to characterize a document, which speaks for itself, and therefore no response is required.

82. Defendants deny the allegations in Paragraph 82.

83. The allegations in Paragraph 83 purport to characterize documents, which speak for themselves, and therefore no response is required.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 84 and, on that basis, deny them.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, deny them.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, deny them.

**D. Plaintiff Darlene Buckner**

87. Defendants admit that Mrs. Buckner was covered by a Medicare Advantage Plan provided by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 87 and, on that basis, deny them.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, deny them.

91. Defendants deny the allegations in Paragraph 91, except Defendants admit that on November 15, 2023, Mrs. Buckner was denied pre-authorization for care at a skilled nursing facility. Defendants state that they lack knowledge or information as to the truth of the allegations in the second sentence and, on that basis, deny them.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, deny them, except that Defendants admit an appeal of the pre-authorization denial was filed on November 16, 2023, and the appeal was approved on November 18, 2023.

93. On information and belief, Defendants admit that Mrs. Buckner was admitted to Capitol Lakes Skilled Nursing & Rehabilitation on or around November 21, 2023, and admit that her primary care physician was asked for an additional referral. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, on that basis, deny them.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, deny them.

95. On information and belief, Defendants admit the allegations in Paragraph 95.

96. The allegations in Paragraph 96 purport to characterize a document, which speaks for itself, and therefore no response is required.

97. The allegations in Paragraph 97 contain a legal conclusion ("wrongfully denied") that does not require a response. To the extent a response is required, Defendants deny them. As to the remainder of the allegations in Paragraph 97, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, deny them.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, deny them.

99. Defendants deny that they used fraudulent means to deny coverage. Defendants lack knowledge or information sufficient to form a belief as to allegations regarding any outstanding balance Mrs. Buckner may owe and, on that basis, deny them.

**E. <u>Plaintiff Carol Clemens</u>**

100. Defendants admit that Mrs. Clemens was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

101. On information and belief, Defendants admit that Mrs. Clemens was admitted to Mayo Clinic Hospital for reasons related to methemoglobinemia, but

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, deny them.

103. On information and belief, Defendants admit the allegations in Paragraph 103 and aver that Mrs. Clemens was transferred to a "skilled nursing facility."

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, deny them.

105. Defendants admit that, on or around December 28, 2023, Mrs. Clemens was notified that coverage for care at a skilled nursing facility would end January 2, 2024, but deny the remaining allegations in the first sentence of Paragraph 105. Defendants admit that, on information and belief, Mrs. Clemens was at the skilled nursing facility for approximately ten days, but deny the remaining allegations in the second sentence of Paragraph 105.

106. Defendants deny the allegations in Paragraph 106, except defendants admit that Ms. Clemens appealed to Livanta.

107. Defendants deny the allegations in Paragraph 107, except Defendants state that the allegations in the first sentence of Paragraph 107 purport to characterize a

document, which speaks for itself, and therefore no response is required. As to the allegations in the third, fourth and fifth sentences of Paragraph 107, Defendants lack knowledge or information sufficient to form a belief as to the truth of them and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, deny them.

111. On information and belief, Defendants admit that Mrs. Clemens was re-admitted to Mayo Clinic Health System, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

112. The allegations in the second sentence of Paragraph 112 purport to characterize a document, which speaks for itself, and therefore no response is required. As to the remaining allegations in Paragraph 112, Defendants lack knowledge or

information sufficient to form a belief as to the truth of them and, on that basis, deny them.

113. The allegations in Paragraph 113 purport to characterize documents, which speak for themselves, and therefore no response is required.

114. Defendants deny the allegations in the first sentence of Paragraph 114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 and, on that basis, deny them.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, deny them.

**F. Plaintiff Frank Chester Perry**

116. Defendants admit that Mr. Perry was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 116 and, on that basis, deny them.

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, deny them.

119. On information and belief, Defendants admit that Mr. Perry received care at the California Rehabilitation Institute, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and, on that basis, deny them.

120. Defendants admit that Mr. Perry was notified that he was approved to receive services at a skilled nursing facility and, on information and belief, was transferred to Berkley East Healthcare Center on or around May 1, 2023. Defendants deny the remaining allegations in Paragraph 120.

121. The allegations in Paragraph 121 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendants aver that Mr. Perry received a notice of non-coverage on May 10, 2023, and further aver that this decision was overturned on May 13, 2023.

122. Defendants deny the allegations in Paragraph 122 as alleged with respect to the May 10, 2023 notice, but aver that Mr. Perry's two appeals of the May 15, 2023 notice of non-coverage were denied. The allegations in Paragraph 122 purport to characterize documents, which speak for themselves, and therefore no response is required.

123. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 123 and, on that basis, deny them. Defendants deny the allegations in the second sentence of Paragraph 123.

124. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, deny them.

125. On information and belief, Defendants admit that Mr. Perry was admitted to UCLA Medical Center for approximately a week and a half in July 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, deny them.

127. Defendants deny the allegations in Paragraph 127, except that Defendants, on information and belief, admit that Mr. Perry was admitted to the University of New Mexico Hospital for approximately six weeks. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 127 and, on that basis, deny them.

128. Defendants deny the allegations in Paragraph 128, except Defendants admit that Mr. Perry's wife contacted them regarding the denial of service at an inpatient

rehabilitation facility and that Mr. Perry was approved to receive services at Clearsky Rehabilitation Hospital.

129. The allegations in the first and second sentences of Paragraph 129 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendants deny the allegations in the third sentence of Paragraph 129.

130. On information and belief, Defendants admit that Mr. Perry was admitted to Sutter Health Center on November 18, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and, on that basis, deny them.

131. Defendants deny the allegations in Paragraph 131 and aver that Mr. Perry was admitted to the skilled nursing facility, Advanced Health Care of Sacramento, on November 28, 2023.

132. The allegations in Paragraph 132 purport to characterize a document, which speaks for itself, and therefore no response is required. Defendants aver that a notice of non-coverage was issued for Mr. Perry on December 12, 2023.

133. The allegations in the first and second sentences in Paragraph 133 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, on that basis, deny them.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, deny them. To the extent

Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient. The allegations in the second half of the third sentence and the fourth sentence purport to characterize documents, which speak for themselves, and therefore no response is required.

136. The allegations in the first sentence of Paragraph 136 purport to characterize documents, which speak for themselves, and therefore no response is required.

137. Defendants deny the allegations in Paragraph 137, except Defendants state that the allegations in the first sentence purport to characterize a document, which speaks for itself, and therefore no response is required.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, deny them.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, deny them.

**G. Plaintiff the Estate of Jackie Martin**

140. Defendants admit that the Estate of Jackie Martin purports to represent the interests of Mr. Martin.

141. Defendants admit that Mr. Martin was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint and admit the allegations in the second sentence of Paragraph 141 for the

period January 1, 2023 to May 31, 2023, but otherwise deny the allegations in the second sentence of Paragraph 141.

142. On information and belief, Defendants admit that Mr. Martin was admitted at Johnson City Medical Center and that, on April 21, 2023, he was admitted to NHC Healthcare Kingsport. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and, on that basis, deny them.

143. The allegations in Paragraph 143 purport to characterize documents, which speak for themselves, and therefore no response is required.

144. Defendants deny the allegations in Paragraph 144, except Defendants admit that on or around May 8, 2023, a naviHealth employee participated in a conference call with Mr. Martin's son and several of Mr. Martin's providers.

145. Defendants deny the allegations in Paragraph 145.

146. The allegations in Paragraph 146 purport to characterize documents, which speak for themselves, and therefore no response is required.

147. The allegations in Paragraph 147 purport to characterize documents, which speak for themselves, and therefore no response is required.

148. Defendants deny the allegations in Paragraph 148, except Defendants, on information and belief, admit that Mr. Martin did not file an appeal.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, deny them.

150. Defendants deny the allegations in Paragraph 150.

### H. Plaintiff John J. Williams, as Trustee of the Miles and Carolyn Williams 1993 Family Trust

151. Defendants admit that John J. Williams purports to represent the interests of Carolyn Williams. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and, on that basis, deny them.

152. Defendants admit the allegations in Paragraph 152 for the period January 1, 2023 to May 31, 2023, but otherwise deny the allegations.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 and, on that basis, deny them.

154. Defendants aver, on information and belief, that Ms. Williams was admitted to Spring Lake Village on March 6, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 and, on that basis, deny them.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, deny them.

156. The allegations in Paragraph 156 purport to characterize documents, which speak for themselves, and therefore no response is required.

157. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, deny them.

158. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, deny them.

159. On information and belief, Defendants admit that Ms. Williams was admitted to a hospital on May 7, 2023, and that she went to the Spring Lake Village on or about May 12, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

160. The allegations in the first sentence of Paragraph 160 purport to characterize a document, which speaks for itself, and therefore no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160 and, on that basis, deny them.

**I. Plaintiff William Hull**

161. Defendants deny the allegations in Paragraph 161.

162. Defendants admit that Mr. Hull was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 and, on that basis, deny them.

163. On information and belief, Defendants admit that Mr. Hull was admitted to Saddleback Medical Center on or around June 30, 2023, after a cardiac arrest. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 and, on that basis, deny them.

164. Defendants admit that they received a prior authorization request on July 19, 2023, for Mr. Hull's service at Trabuco Hills Post-Acute. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 and, on that basis, deny them.

165. Defendants deny the allegations in Paragraph 165, except Defendants admit that prior authorization for skilled nursing care for Mr. Hull was denied on July 24, 2023.

166. Defendants deny the allegations in Paragraph 166. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 167 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 167.

168. On information and belief, Defendants admit that Mr. Hull was admitted to Saddleback Medical Center on July 28, 2023, and that he was transferred to Providence Mission Hospital on August 3, 2023, and then returned home on August 24, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 and, on that basis, deny them.

169. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, deny them.

170. Defendants deny the allegations in Paragraph 170. Defendants admit that Plaintiffs purport to bring this action on behalf of the Class identified in Paragraph 170 of the Complaint, but Defendants deny that the class can or should be certified in this case.

## CLASS ALLEGATIONS

171. Defendants deny the allegations in Paragraph 171. Defendants admit that Plaintiffs purport to bring this action on behalf of the "Multi-State" Subclass identified in Paragraph 171 of the Complaint, but Defendants deny that the class can or should be certified in this case.

172. Defendants deny the allegations in Paragraph 172. Defendants admit that Plaintiffs purport to bring this action on behalf of the "Benefits Denial" Subclass identified in Paragraph 172 of the Complaint, but Defendants deny that the class can or should be certified in this case.

173. Defendants deny the allegations in Paragraph 173. Defendants admit that Plaintiffs purport to bring this action on behalf of the Oregon Subclass identified in Paragraph 173 of the Complaint, but Defendants deny that the class can or should be certified in this case.

174. Defendants deny the allegations in Paragraph 174. Defendants admit that Plaintiffs purport to bring this action on behalf of the California Subclass identified in Paragraph 174 of the Complaint, but Defendants deny that the class can or should be certified in this case.

175. Defendants deny the allegations in Paragraph 175, except state that the allegations concerning numerosity and joinder constitute legal conclusions that do not require a response.

176. Defendants deny the allegations in Paragraph 176, and state that the allegations in Paragraph 176, including subparts, constitute legal conclusions that do not require a response.

177. Defendants deny the allegations in Paragraph 177, except state that the allegations concerning typicality, adequacy of Plaintiffs, and competency of Plaintiffs' counsel constitute legal conclusions that do not require a response.

178. Defendants deny the allegations in Paragraph 178.

179. Defendants deny the allegations in Paragraph 179, except state that the allegations concerning superiority constitute legal conclusions that do not require a response.

180. Defendants deny the allegations in Paragraph 180.

181. Defendants deny the allegations in Paragraph 181, except state that the allegations concerning the appropriateness of injunctive and declaratory relief constitute legal conclusions that do not require a response.

182. Defendants deny the allegations in Paragraph 182.

## FIRST CAUSE OF ACTION

183. Defendants incorporate by reference all previous Paragraphs of this Answer as if set forth fully herein.

184. The allegations in Paragraph 184 constitute legal conclusions that do not require a response.

185. Defendants deny the allegations in Paragraph 185.

186. The allegations in Paragraph 186 purport to characterize the terms of unidentified insurance agreements, the terms of which speak for themselves, and therefore no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 186 to the extent they mischaracterize the unidentified EOCs or are inconsistent or incomplete with respect thereto. Defendants deny the remaining allegations in Paragraph 186.

187. The allegations in Paragraph 187 purport to characterize and quote the terms of unidentified insurance agreements, the terms of which speak for themselves, and therefore no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 187 to the extent they mischaracterize the unidentified EOCs or are inconsistent or incomplete with respect thereto. Defendants deny the remaining allegations in Paragraph 187.

188. The allegations in Paragraph 188 constitute legal conclusions that do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, deny them.

189. The Court dismissed this portion of Count I of the Complaint (Dkt. 91), and thus no response to Paragraph 189 is required. Further, the allegations in Paragraph 189

include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190. The allegations in Paragraph 190 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191. The Court dismissed this portion of Count I of the Complaint (Dkt. 91), and thus no response to Paragraph 191 is required. Further, the allegations in Paragraph 191 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192. The allegations in Paragraph 192 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 192 and deny that Plaintiffs are entitled to any relief.

**SECOND CAUSE OF ACTION**

193. Defendants incorporate by reference all previous Paragraphs of this Answer as if set forth fully herein.

194. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 relating to Class members (if any exist) and, on that basis, deny them, except UHC admits that its affiliates provided coverage to Plaintiffs under written EOCs, the terms of which speak for themselves.

195. The allegations in Paragraph 195 constitute legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196. The allegations in Paragraph 196 constitute legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 197 is required. Further, the allegations in Paragraph 197 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

198. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 198 is required. Further, the allegations in Paragraph 198 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 198.

199. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 199 is required. Further, the allegations in Paragraph 199 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 200 is required. To the extent a response is required, Defendants deny the allegations in Paragraph 200 and deny that Plaintiffs are entitled to any relief.

201. The allegations in Paragraph 201 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 201 and deny that Plaintiffs are entitled to any relief.

202. Defendants deny the allegations in Paragraph 202 and deny that Plaintiffs are entitled to any relief.

## THIRD CAUSE OF ACTION

203. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 203 is required.

204. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 204 is required.

205. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 205 is required.

206. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 206 is required.

207. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 207 is required.

208. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 208 is required.

209. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 209 is required.

210. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 210 is required.

## FOURTH CAUSE OF ACTION

211. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 211 is required.

212. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 212 is required.

213. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 213 is required.

214. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 214 is required.

215. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 215 is required.

216. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 216 is required.

217. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 217 is required.

218. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 218 is required.

219. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 219 is required.

220. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 220 is required.

221. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 221 is required.

222. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 222 is required.

223. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 223 is required.

224. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 224 is required.

225. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 225 is required.

226. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 226 is required.

227. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 227 is required.

228. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 228 is required.

229. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 229 is required.

230. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 230 is required.

231. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 231 is required.

232. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 232 is required.

233. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 233 is required.

234. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 234 is required.

235. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 235 is required.

236. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 236 is required.

**FIFTH CAUSE OF ACTION**

237. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 237 is required.

238. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 238 is required.

239. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 239 is required.

240. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 240 is required.

241. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 241 is required.

242. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 242 is required.

243. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 243 is required.

244. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 244 is required.

245. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 245 is required.

246. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 246 is required.

247. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 247 is required.

248. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 248 is required.

249. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 249 is required.

250. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 250 is required.

**SIXTH CAUSE OF ACTION**

251. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 251 is required.

252. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 252 is required.

253. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 253 is required.

254. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 254 is required.

255. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 255 is required.

256. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 256 is required.

257. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 257 is required.

**SEVENTH CAUSE OF ACTION**

258. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 258 is required.

259. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 259 is required.

260. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 260 is required.

261. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 261 is required.

262. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 262 is required.

263. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 263 is required.

**"Unlawful Prong"**

264. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 264 is required.

**"Unfair Prong"**

265. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 265 is required.

**"Fraudulent Prong"**

266. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 266 is required.

267. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 267 is required.

268. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 268 is required.

269. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 269 is required.

270. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 270 is required.

271. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 271 is required.

272. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 272 is required.

273. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 273 is required.

274. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 274 is required.

275. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 275 is required.

## PRAYER FOR RELIEF

Defendants deny any allegations contained in the Prayer for Relief and further deny that Plaintiffs or any putative class members are entitled to any of the relief requested or to any other relief.

## JURY DEMAND

Defendants admit that Plaintiffs purport to seek a jury trial. Defendants deny that Plaintiffs are entitled to a jury trial on any or all of their claims.

## DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiffs, Defendants specifically and expressly reserve the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

1. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs lack standing under Article III of the Constitution.

3. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because they are brought in an improper venue.

4. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because they are preempted by federal law, including but not limited to the Medicare Act.

5. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they assigned their benefits relating to the services at issue in this lawsuit.

6. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable statute of limitations has lapsed.

7. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any contractual limitations period has lapsed.

8. Plaintiffs' alleged injuries and damages and the injuries and damages of the putative class members, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault of the Plaintiffs themselves.

9. Plaintiffs' alleged injuries and damages and the injuries and damages of the putative class members, if any, were proximately caused or contributed to, in whole or in part, by the acts and/or omissions of third parties.

10. Defendants acted reasonably and within acceptable industry standards, in good faith, and in compliance with applicable laws and regulations.

11. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to timely and/or completely exhaust the administrative and/or contractual appeals process before pursuing their claims through this litigation.

12. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they seek coverage for treatment that is not covered under the terms of any provisions of their plans.

13. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that they have insurance coverage through another plan that is primarily or otherwise responsible for the benefits and damages they seek.

14. Plaintiffs' claims and the claims of the putative class members are barred to the extent the challenged conduct or statements occurred outside the scope of agency or vicarious liability. By way of example only, Plaintiffs' claims fail to the extent they rely on statements by medical service providers who did not have authority to modify policy terms and/or coverage in the way that Plaintiffs contend.

15. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they have not suffered any actual injury or damage.

16. Plaintiffs' claims and the claims of the putative class members are barred in whole or in part because Plaintiffs and the putative class members failed to mitigate their alleged damages.

17. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered has already been redressed.

18. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they were released in settlements or other agreements.

19. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

20. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

21. The claims asserted in the Complaint are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22. Plaintiffs' claims cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances.

23. Plaintiffs' liability and damages theories are barred, in whole or in part, by the common law filed rate doctrine.

24. Defendants expressly and specifically reserve the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

Dated: August XX, 2026

DORSEY & WHITNEY LLP

By *_/s/ DRAFT_*

Nicole Engisch (#0215284)
engisch.nicole@dorsey.com
Michelle S. Grant (#0311170)
grant.michelle@dorsey.com
Shannon L. Bjorklund (#0389932)
bjorklund.shannon@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Nicholas J. Pappas (*pro hac vice*)
Pappas.nicholas@dorsey.com
DORSEY & WHITNEY LLP
1301 Avenue of the Americas, Floor 13
New York, NY 10019-6119
Telephone: (212) 415-9387

*Attorneys for Defendants*

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ESTATE OF GENE B. LOKKEN, GLENNETTE KELL, DARLENE BUCKNER, JOHN CLEMENS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CAROL CLEMENS, THE ESTATE OF FRANK CHESTER PERRY, THE ESTATE OF JACKIE MARTIN, JOHN J. WILLIAMS, AS TRUSTEE OF THE MILES AND CAROLYN WILLIAMS 1993 FAMILY TRUST, and BARBARA B. HULL, AND LORA K. POWELL, AS EXECUTORS OF THE ESTATE OF WILLIAM HULL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>~~vs~~v.<br><br>UNITEDHEALTH GROUP~~,~~ INC., UNITED HEALTHCARE, INC., NAVIHEALTH, INC. and ~~Does~~DOES 1-50, inclusive,<br><br>Defendants. | Civil File No. 23-cv-03514-JRT-SGE<br><br>**SECOND AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendants UnitedHealth Group, Incorporated ("UHG"), UnitedHealthcare, Inc. ("UHC"), and naviHealth, Inc. ("naviHealth") (collectively, "Defendants"), by and through counsel, submit the following Amended Answer ("Answer") to Plaintiffs' First Amended Complaint. Except as otherwise stated herein, Defendants deny each and every allegation in the Amended Complaint.

Each numbered response in this Answer is made subject to the following limitations as if fully set forth therein. *First*, except as expressly admitted or otherwise responded to below, Defendants deny all of the allegations in the numbered paragraphs of the Complaint. *Second*, any responses in this Answer do not constitute Defendants' acknowledgement or admission of the validity or relevance of such allegations. *Third*, Defendants deny any and all of Plaintiffs' characterizations of fact or law in the Complaint. *Fourth*, any responses in this Answer as to documents or communications referenced in the Complaint do not constitute Defendants' acknowledgement or admission of the admissibility of such documents or communications. Defendants expressly deny that Plaintiffs have accurately, completely, or in context cited from such documents or communications; rather, such documents and communications speak for themselves. *Fifth*, to the extent a response is deemed required to any of the section headings in the Complaint, Defendants deny any and all allegations in such headings. The section headings in this Answer exist for the purpose of convenience and shall not be deemed admissions. *Sixth*, the Court dismissed most of the causes of action of the Amended Complaint (Dkt. 91), and Defendants reserve the right to argue that various paragraphs in the Amended Complaint are now irrelevant to the remaining claims. *Seventh*, as to the prayer for relief, Defendants deny any liability or obligation, in any form or amount, to Plaintiffs.

Defendants further reserve their rights under the Federal Rules of Civil Procedure to amend this pleading to add additional or other defenses or to delete and withdraw defenses as may become necessary after additional discovery, investigation, or

subsequent developments relating to this case and expressly reserve their right to amend this Answer to assert such additional defenses in the future.

**INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1 and further state that the allegations in Paragraph 1 include legal conclusions that do not require a response.

2. Defendants deny the allegations in Paragraph 2. To the extent the allegations in the first sentence of Paragraph 2 purport to describe or characterize a document, which speaks for itself, no response is required.

3. Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 purport to characterize information from a website, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4 except Defendants admit that UHG's full year 2023 earnings from operations were approximately $32 billion.

5. Defendants deny the allegations in Paragraph 5, except Defendants admit that UHG is a health care and well-being company with a stated mission "to help people live healthier lives and make the health system work better for everyone."

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12. Defendants further state that the allegations in Paragraph 12 constitute legal conclusions that do not require a response.

13. Defendants deny the allegations in Paragraph 13, except that Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and similarly situated individuals (if any such individuals exist) but deny that they can properly do so.

**JURISDICTION AND VENUE**

14. The allegations in Paragraph 14 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is deemed required, Defendants deny them, and deny that this Court has subject-matter jurisdiction over the claims brought against them by Plaintiffs for the reasons explained in their Motion to Dismiss and supporting briefing.

15. The allegations in Paragraph 15 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is deemed required, Defendants deny them and deny that this Court has subject-matter jurisdiction over the claims brought against them by Plaintiffs for the reasons explained in their Motion to Dismiss and supporting briefing.

16. Defendants deny the allegations in Paragraph 16, except Defendants admit that UHG and UHC have their principal place of businesses in Minnesota. The remainder of the allegations in Paragraph 16 of the Complaint constitute legal conclusions that do not require a response.

17. Defendants deny the allegations in Paragraph 17, except Defendants admit that UHG and UHC are residents of this District. The allegations in Paragraph 17 of the Complaint constitute legal conclusions that do not require a response.

**THE PARTIES**

18. Defendants deny the allegations in Paragraph 18, except Defendants admit, on information and belief, that Mr. Lokken is deceased and resided in Wisconsin at all times relevant to this action, and admit that he was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

19. Defendants deny the allegations in Paragraph 19, except Defendants admit, on information and belief, that Mrs. Kell resided in Oregon at all times relevant to this action and admit that Mrs. Kell was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

20. Defendants deny the allegations in Paragraph 20, except Defendants admit, on information and belief, that Mrs. Buckner resided in Wisconsin at all times relevant to this action and admit that Mrs. Buckner was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

21. Defendants deny the allegations in Paragraph 21, except Defendants admit, on information and belief, that that Mrs. Clemens resided in Minnesota at all times relevant to this action and admit that Mrs. Clemens was covered by a Medicare

Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

22. Defendants deny the allegations in Paragraph 22, except Defendants admit, on information and belief, that Mr. Perry resided in California at all times relevant to this action and admit that Mr. Perry was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

23. Defendants deny the allegations in Paragraph 23, except Defendants admit, on information and belief, that Mr. Martin resided in Tennessee at all times relevant to this action and was admit that Mr. Martin covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

24. Defendants deny the allegations in Paragraph 24, except Defendants admit, on information and belief, that Mr. Williams resided in California at all times relevant to this action and was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

25. Defendants deny the allegations in Paragraph 25, except Defendants admit, on information and belief, that Mr. Hull resided in California at all times relevant to this action and was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

26. Defendants deny the allegations in Paragraph 26, except Defendants admit that UHG is a corporation domiciled in Delaware, various UHG subsidiaries conduct insurance operations throughout the country, UHG is a health care and well-being company with a mission "to help people live healthier lives and make the health system

work better for everyone," and UHG has a license to use the federally registered service mark "UNITEDHEALTH GROUP."

27. Defendants deny the allegations in Paragraph 27, except Defendants admit that UHC is a corporation domiciled in Delaware with its principal place of business located at 9800 Health Care Lane, Minnetonka, Minnesota. Defendants further admit that affiliates of UHC market and issue health insurance and makes coverage and benefit determinations for certain plans.

28. Defendants admit the allegations in the first sentence of Paragraph 28. The second and third sentences in Paragraph 28 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response to the allegations in the second and third sentences is deemed required, Defendants deny them. Defendants admit the allegations in the last sentence of Paragraph 28.

29. In response to the first sentence of Paragraph 29, Defendants admit that Plaintiffs purport to sue fictitiously named Defendants Does 1 through 50 under Section 474 of the California Civil Procedure, but Defendants deny that Plaintiffs may properly sue fictitiously named Defendants in this way because it violates the Federal Rules of Civil Procedure, and they do not exist. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties…."). In response to the second and third sentences of Paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

## FACTUAL ALLEGATIONS

### A. Background

30. Defendants admit that UHC offered and sold Medicare Advantage health insurance plans to consumers through certain of its subsidiaries. Defendants deny that UHC or its affiliates offered and sold Medicare Advantage health insurance plans to Class members because this case has not been certified for class treatment, and certification would not be appropriate.

31. Defendants deny the allegations in the first sentence of Paragraph 31. The second and third sentences of Paragraph 31 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response to the allegations in the second and third sentences is deemed required, Defendants deny them.

32. Defendants deny the allegations in Paragraph 32, except Defendants admit that Plaintiffs enrolled with an affiliate of UHC to receive health insurance coverage under Medicare Advantage plans and Plaintiffs received an Evidence of Coverage ("EOC") document that sets forth the terms of coverage. Defendants deny the allegations in Paragraph 32 with respect to alleged Class members because this case has not been certified for class treatment, and certification would not be appropriate. The third sentence in Paragraph 32 purports to characterize the terms of the EOCs, which speak for themselves, and therefore no response is required.

33. Defendants deny the allegations in Paragraph 33, except Defendants admit, on information and belief based upon medical records, that named Plaintiffs received post-acute care following a hospital stay. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 33 as to unnamed Class Members, and on that basis, deny them. The allegations in the second sentence of Paragraph 33 purport to characterize the terms of the EOCs, which speak for themselves, and therefore no response is required. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

34. Defendants deny the allegations in Paragraph 34, except Defendants admit that post-acute care can be provided in the identified provider settings and that such care is typically received following an inpatient hospital stay.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36, except Defendants admit that coverage decisions for post-acute care can be made before or during a patient's stay in post-acute care.

37. Defendants deny the allegations in Paragraph 37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 37 regarding unnamed individuals and such individuals' benefit plans and, on that basis, deny them.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 purport to characterize documents, which speak for themselves, and therefore no response is required.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45, except Defendants admit the allegations in the first and second sentences.

46. Defendants deny the allegations in the first sentence of Paragraph 46. Defendants admit the allegations in the second sentence of Paragraph 46.

47. Defendants deny the allegations in Paragraph 47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47 as to unidentified claim denials, particularly as it appears to relate to market-wide data for Medicare Advantage plans beyond those issued by an affiliate of UHC. The allegations in the second sentence purport to characterize a document, which speaks for itself, but Defendants deny the truth of the purported statement as relates to Defendants' prior authorization request denials. Defendants deny the allegations in the last two sentences.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last three sentences of Paragraph 51 and, on that basis,

deny them. Defendants deny the remaining allegations in Paragraph 51, except Defendants admit that Plaintiffs are elderly people.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53, except they state that the allegations in the first sentence of Paragraph 53 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, on that basis, deny them.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55, except Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' and putative unnamed Class members' expectations or what they would have done.

**B. Plaintiff the Estate of Gene B. Lokken**

56. Defendants deny the allegations in Paragraph 56, except Defendants admit that the Estate of Gene B. Lokken purports to represent the interests of Mr. Lokken and that Mr. Lokken was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

57. Defendants admit that Mr. Lokken was admitted to the Aspirus Tomahawk Hospital in May 2022, and admit that medical records reflect a fractured leg and ankle.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, deny them.

59. On information and belief, Defendants admit the allegations in the first sentence of Paragraph 59 based upon the medical records received. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 59 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

62. Defendants admit that Mr. Lokken received physical therapy in early July 2022. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

63. Defendants admit the allegations in the first sentence of Paragraph 63. The allegations in the second and third sentences of Paragraph 63 purport to quote and characterize a document, which speaks for itself, and therefore no response is required.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, deny them.

65. Defendants deny the allegations in Paragraph 65, except state that the allegations in the second sentence of Paragraph 65 purport to quote a document, which speaks for itself, and therefore no response is required. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical

records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 66 and, on that basis, deny them, but aver that an appeal was submitted on Mr. Lokken's behalf. The third sentence in Paragraph 66 purports to characterize a document, which speaks for itself, and therefore no response is required. Defendants deny the allegations in the fourth sentence of Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 67 and, on that basis, deny them, but aver that appeals were submitted on Mr. Lokken's behalf. In response to the second sentence of Paragraph 67, Defendants admit that the services Mr. Lokken received following the denial of coverage were not covered, but they deny the remaining allegations in the second sentence of Paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 68 and, on that basis, deny them.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, deny them.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, deny them.

**C. Plaintiff Glennette Kell**

71. Defendants admit that Mrs. Kell was covered by a Medicare Advantage Plan provided by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants deny the allegation in Paragraph 71 that Mrs. Kell pays a monthly premium of $130.00 and aver that Mrs. Kell was enrolled in a $0.00 premium plan.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

73. On information and belief, Defendants admit that Mrs. Kell was admitted to Legacy Emanuel Medical Center on or around August 26, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

74. On information and belief, Defendants admit that Mrs. Kell was discharged from Legacy Emanuel Medical Center on or around August 30, 2023. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, on that basis, deny them.

75. On information and belief, Defendants admit the allegations in Paragraph 75.

76. Defendants admit that, on or around September 14, 2023, Mrs. Kell was notified that she no longer met the guidelines for a continued stay and deny the remaining allegations in Paragraph 76.

77. Defendants admit the allegations in the first sentence of Paragraph 77. The allegations in the second sentence of Paragraph 77 purport to quote and characterize a document, which speaks for itself, and therefore no response is required.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to when Mrs. Kell received the referenced denial letter and, on that basis, deny them. The remaining allegations in Paragraph 78 purport to characterize a document, which speaks for itself, and therefore no response is required.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 79 and, on that basis, deny them. The remaining allegations in Paragraph 79 purport to characterize a document, which speaks for itself, and therefore no response is required.

80. The allegations in Paragraph 80 purport to characterize a document, which speaks for itself, and therefore no response is required.

81. The allegations in Paragraph 81 purport to characterize a document, which speaks for itself, and therefore no response is required.

82. Defendants deny the allegations in Paragraph 82.

83. The allegations in Paragraph 83 purport to characterize documents, which speak for themselves, and therefore no response is required.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 84 and, on that basis, deny them.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, deny them.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, deny them.

**D. Plaintiff Darlene Buckner**

87. Defendants admit that Mrs. Buckner was covered by a Medicare Advantage Plan provided by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 87 and, on that basis, deny them.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, deny them.

91. Defendants deny the allegations in Paragraph 91, except Defendants admit that on November 15, 2023, Mrs. Buckner was denied pre-authorization for care at a skilled nursing facility. Defendants state that they lack knowledge or information as to the truth of the allegations in the second sentence and, on that basis, deny them.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, deny them, except that Defendants admit an appeal of the pre-authorization denial was filed on November 16, 2023, and the appeal was approved on November 18, 2023.

93. On information and belief, Defendants admit that Mrs. Buckner was admitted to Capitol Lakes Skilled Nursing & Rehabilitation on or around November 21, 2023, and admit that her primary care physician was asked for an additional referral. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, on that basis, deny them.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, deny them.

95. On information and belief, Defendants admit the allegations in Paragraph 95.

96. The allegations in Paragraph 96 purport to characterize a document, which speaks for itself, and therefore no response is required.

97. The allegations in Paragraph 97 contain a legal conclusion ("wrongfully denied") that does not require a response. To the extent a response is required, Defendants deny them. As to the remainder of the allegations in Paragraph 97, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, deny them.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, deny them.

99. Defendants deny that they used fraudulent means to deny coverage. Defendants lack knowledge or information sufficient to form a belief as to allegations regarding any outstanding balance Mrs. Buckner may owe and, on that basis, deny them.

**E. Plaintiff Carol Clemens**

100. Defendants admit that Mrs. Clemens was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint.

101. On information and belief, Defendants admit that Mrs. Clemens was admitted to Mayo Clinic Hospital for reasons related to methemoglobinemia, but

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, deny them.

103. On information and belief, Defendants admit the allegations in Paragraph 103 and aver that Mrs. Clemens was transferred to a "skilled nursing facility."

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, deny them.

105. Defendants admit that, on or around December 28, 2023, Mrs. Clemens was notified that coverage for care at a skilled nursing facility would end January 2, 2024, but deny the remaining allegations in the first sentence of Paragraph 105. Defendants admit that, on information and belief, Mrs. Clemens was at the skilled nursing facility for approximately ten days, but deny the remaining allegations in the second sentence of Paragraph 105.

106. Defendants deny the allegations in Paragraph 106, except defendants admit that Ms. Clemens appealed to Livanta.

107. Defendants deny the allegations in Paragraph 107, except Defendants state that the allegations in the first sentence of Paragraph 107 purport to characterize a

document, which speaks for itself, and therefore no response is required. As to the allegations in the third, fourth and fifth sentences of Paragraph 107, Defendants lack knowledge or information sufficient to form a belief as to the truth of them and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, deny them.

111. On information and belief, Defendants admit that Mrs. Clemens was re-admitted to Mayo Clinic Health System, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

112. The allegations in the second sentence of Paragraph 112 purport to characterize a document, which speaks for itself, and therefore no response is required. As to the remaining allegations in Paragraph 112, Defendants lack knowledge or

information sufficient to form a belief as to the truth of them and, on that basis, deny them.

113. The allegations in Paragraph 113 purport to characterize documents, which speak for themselves, and therefore no response is required.

114. Defendants deny the allegations in the first sentence of Paragraph 114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 and, on that basis, deny them.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, deny them.

**F. <u>Plaintiff Frank Chester Perry</u>**

116. Defendants admit that Mr. Perry was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 116 and, on that basis, deny them.

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, deny them.

119. On information and belief, Defendants admit that Mr. Perry received care at the California Rehabilitation Institute, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and, on that basis, deny them.

120. Defendants admit that Mr. Perry was notified that he was approved to receive services at a skilled nursing facility and, on information and belief, was transferred to Berkley East Healthcare Center on or around May 1, 2023. Defendants deny the remaining allegations in Paragraph 120.

121. The allegations in Paragraph 121 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendants aver that Mr. Perry received a notice of non-coverage on May 10, 2023, and further aver that this decision was overturned on May 13, 2023.

122. Defendants deny the allegations in Paragraph 122 as alleged with respect to the May 10, 2023 notice, but aver that Mr. Perry's two appeals of the May 15, 2023 notice of non-coverage were denied. The allegations in Paragraph 122 purport to characterize documents, which speak for themselves, and therefore no response is required.

123. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 123 and, on that basis, deny them. Defendants deny the allegations in the second sentence of Paragraph 123.

124. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, deny them.

125. On information and belief, Defendants admit that Mr. Perry was admitted to UCLA Medical Center for approximately a week and a half in July 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, deny them.

127. Defendants deny the allegations in Paragraph 127, except that Defendants, on information and belief, admit that Mr. Perry was admitted to the University of New Mexico Hospital for approximately six weeks. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 127 and, on that basis, deny them.

128. Defendants deny the allegations in Paragraph 128, except Defendants admit that Mr. Perry's wife contacted them regarding the denial of service at an inpatient

rehabilitation facility and that Mr. Perry was approved to receive services at Clearsky Rehabilitation Hospital.

129. The allegations in the first and second sentences of Paragraph 129 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendants deny the allegations in the third sentence of Paragraph 129.

130. On information and belief, Defendants admit that Mr. Perry was admitted to Sutter Health Center on November 18, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and, on that basis, deny them.

131. Defendants deny the allegations in Paragraph 131 and aver that Mr. Perry was admitted to the skilled nursing facility, Advanced Health Care of Sacramento, on November 28, 2023.

132. The allegations in Paragraph 132 purport to characterize a document, which speaks for itself, and therefore no response is required. Defendants aver that a notice of non-coverage was issued for Mr. Perry on December 12, 2023.

133. The allegations in the first and second sentences in Paragraph 133 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, on that basis, deny them.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, deny them. To the extent

Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient. The allegations in the second half of the third sentence and the fourth sentence purport to characterize documents, which speak for themselves, and therefore no response is required.

136. The allegations in the first sentence of Paragraph 136 purport to characterize documents, which speak for themselves, and therefore no response is required.

137. Defendants deny the allegations in Paragraph 137, except Defendants state that the allegations in the first sentence purport to characterize a document, which speaks for itself, and therefore no response is required.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, deny them.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, deny them.

**G. <u>Plaintiff the Estate of Jackie Martin</u>**

140. Defendants admit that the Estate of Jackie Martin purports to represent the interests of Mr. Martin.

141. Defendants admit that Mr. Martin was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint and admit the allegations in the second sentence of Paragraph 141 for the

period January 1, 2023 to May 31, 2023, but otherwise deny the allegations in the second sentence of Paragraph 141.

142. On information and belief, Defendants admit that Mr. Martin was admitted at Johnson City Medical Center and that, on April 21, 2023, he was admitted to NHC Healthcare Kingsport. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and, on that basis, deny them.

143. The allegations in Paragraph 143 purport to characterize documents, which speak for themselves, and therefore no response is required.

144. Defendants deny the allegations in Paragraph 144, except Defendants admit that on or around May 8, 2023, a naviHealth employee participated in a conference call with Mr. Martin's son and several of Mr. Martin's providers.

145. Defendants deny the allegations in Paragraph 145.

146. The allegations in Paragraph 146 purport to characterize documents, which speak for themselves, and therefore no response is required.

147. The allegations in Paragraph 147 purport to characterize documents, which speak for themselves, and therefore no response is required.

148. Defendants deny the allegations in Paragraph 148, except Defendants, on information and belief, admit that Mr. Martin did not file an appeal.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, deny them.

150. Defendants deny the allegations in Paragraph 150.

**H. <u>Plaintiff John J. Williams, as Trustee of the Miles and Carolyn Williams 1993 Family Trust</u>**

151. Defendants admit that John J. Williams purports to represent the interests of Carolyn Williams. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and, on that basis, deny them.

152. Defendants admit the allegations in Paragraph 152 for the period January 1, 2023 to May 31, 2023, but otherwise deny the allegations.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 and, on that basis, deny them.

154. Defendants aver, on information and belief, that Ms. Williams was admitted to Spring Lake Village on March 6, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 and, on that basis, deny them.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, deny them.

156. The allegations in Paragraph 156 purport to characterize documents, which speak for themselves, and therefore no response is required.

157. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, deny them.

158. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, deny them.

159. On information and belief, Defendants admit that Ms. Williams was admitted to a hospital on May 7, 2023, and that she went to the Spring Lake Village on or about May 12, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and, on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

160. The allegations in the first sentence of Paragraph 160 purport to characterize a document, which speaks for itself, and therefore no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160 and, on that basis, deny them.

**I. Plaintiff William Hull**

161. Defendants deny the allegations in Paragraph 161.

162. Defendants admit that Mr. Hull was covered by a Medicare Advantage Plan insured by an affiliate of UHC during the time period relevant to the allegations in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 and, on that basis, deny them.

163. On information and belief, Defendants admit that Mr. Hull was admitted to Saddleback Medical Center on or around June 30, 2023, after a cardiac arrest. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 and, on that basis, deny them.

164. Defendants admit that they received a prior authorization request on July 19, 2023, for Mr. Hull's service at Trabuco Hills Post-Acute. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 and, on that basis, deny them.

165. Defendants deny the allegations in Paragraph 165, except Defendants admit that prior authorization for skilled nursing care for Mr. Hull was denied on July 24, 2023.

166. Defendants deny the allegations in Paragraph 166. To the extent Plaintiffs' allegations purport to characterize medical records, Defendants state that the medical records themselves are the best evidence of their contents, and deny any characterization inconsistent with those records or inconsistent with the true status of the patient.

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 167 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 167.

168. On information and belief, Defendants admit that Mr. Hull was admitted to Saddleback Medical Center on July 28, 2023, and that he was transferred to Providence Mission Hospital on August 3, 2023, and then returned home on August 24, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 and, on that basis, deny them.

169. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, deny them.

170. Defendants deny the allegations in Paragraph 170. Defendants admit that Plaintiffs purport to bring this action on behalf of the Class identified in Paragraph 170 of the Complaint, but Defendants deny that the class can or should be certified in this case.

**CLASS ALLEGATIONS**

171. Defendants deny the allegations in Paragraph 171. Defendants admit that Plaintiffs purport to bring this action on behalf of the "Multi-State" Subclass identified in Paragraph 171 of the Complaint, but Defendants deny that the class can or should be certified in this case.

172. Defendants deny the allegations in Paragraph 172. Defendants admit that Plaintiffs purport to bring this action on behalf of the "Benefits Denial" Subclass identified in Paragraph 172 of the Complaint, but Defendants deny that the class can or should be certified in this case.

173. Defendants deny the allegations in Paragraph 173. Defendants admit that Plaintiffs purport to bring this action on behalf of the Oregon Subclass identified in Paragraph 173 of the Complaint, but Defendants deny that the class can or should be certified in this case.

174. Defendants deny the allegations in Paragraph 174. Defendants admit that Plaintiffs purport to bring this action on behalf of the California Subclass identified in Paragraph 174 of the Complaint, but Defendants deny that the class can or should be certified in this case.

175. Defendants deny the allegations in Paragraph 175, except state that the allegations concerning numerosity and joinder constitute legal conclusions that do not require a response.

176. Defendants deny the allegations in Paragraph 176, and state that the allegations in Paragraph 176, including subparts, constitute legal conclusions that do not require a response.

177. Defendants deny the allegations in Paragraph 177, except state that the allegations concerning typicality, adequacy of Plaintiffs, and competency of Plaintiffs' counsel constitute legal conclusions that do not require a response.

178. Defendants deny the allegations in Paragraph 178.

179. Defendants deny the allegations in Paragraph 179, except state that the allegations concerning superiority constitute legal conclusions that do not require a response.

180. Defendants deny the allegations in Paragraph 180.

181. Defendants deny the allegations in Paragraph 181, except state that the allegations concerning the appropriateness of injunctive and declaratory relief constitute legal conclusions that do not require a response.

182. Defendants deny the allegations in Paragraph 182.

**FIRST CAUSE OF ACTION**

183. Defendants incorporate by reference all previous Paragraphs of this Answer as if set forth fully herein.

184. The allegations in Paragraph 184 constitute legal conclusions that do not require a response.

185. Defendants deny the allegations in Paragraph 185.

186. The allegations in Paragraph 186 purport to characterize the terms of unidentified insurance agreements, the terms of which speak for themselves, and therefore no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 186 to the extent they mischaracterize the unidentified EOCs or are inconsistent or incomplete with respect thereto. Defendants deny the remaining allegations in Paragraph 186.

187. The allegations in Paragraph 187 purport to characterize and quote the terms of unidentified insurance agreements, the terms of which speak for themselves, and therefore no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 187 to the extent they mischaracterize the unidentified EOCs or are inconsistent or incomplete with respect thereto. Defendants deny the remaining allegations in Paragraph 187.

188. The allegations in Paragraph 188 constitute legal conclusions that do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, deny them.

189. The Court dismissed this portion of Count I of the Complaint (Dkt. 91), and thus no response to Paragraph 189 is required. Further, the allegations in Paragraph 189

include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190. The allegations in Paragraph 190 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191. The Court dismissed this portion of Count I of the Complaint (Dkt. 91), and thus no response to Paragraph 191 is required. Further, the allegations in Paragraph 191 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192. The allegations in Paragraph 192 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 192 and deny that Plaintiffs are entitled to any relief.

**SECOND CAUSE OF ACTION**

193. Defendants incorporate by reference all previous Paragraphs of this Answer as if set forth fully herein.

194. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 relating to Class members (if any exist) and, on that basis, deny them, except UHC admits that its affiliates provided coverage to Plaintiffs under written EOCs, the terms of which speak for themselves.

195. The allegations in Paragraph 195 constitute legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196. The allegations in Paragraph 196 constitute legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 197 is required. Further, the allegations in Paragraph 197 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

198. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 198 is required. Further, the allegations in Paragraph 198 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 198.

199. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 199 is required. Further, the allegations in Paragraph 199 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200. The Court dismissed this portion of Count II of the Complaint (Dkt. 91), and thus no response to Paragraph 200 is required. To the extent a response is required, Defendants deny the allegations in Paragraph 200 and deny that Plaintiffs are entitled to any relief.

201. The allegations in Paragraph 201 include legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 201 and deny that Plaintiffs are entitled to any relief.

202. Defendants deny the allegations in Paragraph 202 and deny that Plaintiffs are entitled to any relief.

**THIRD CAUSE OF ACTION**

203. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 203 is required.

204. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 204 is required.

205. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 205 is required.

206. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 206 is required.

207. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 207 is required.

208. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 208 is required.

209. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 209 is required.

210. The Court dismissed Count III of the Complaint (Dkt. 91), and thus no response to Paragraph 210 is required.

**FOURTH CAUSE OF ACTION**

211. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 211 is required.

212. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 212 is required.

213. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 213 is required.

214. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 214 is required.

215. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 215 is required.

216. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 216 is required.

217. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 217 is required.

218. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 218 is required.

219. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 219 is required.

220. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 220 is required.

221. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 221 is required.

222. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 222 is required.

223. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 223 is required.

224. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 224 is required.

225. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 225 is required.

226. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 226 is required.

227. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 227 is required.

228. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 228 is required.

229. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 229 is required.

230. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 230 is required.

231. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 231 is required.

232. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 232 is required.

233. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 233 is required.

234. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 234 is required.

235. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 235 is required.

236. The Court dismissed Count IV of the Complaint (Dkt. 91), and thus no response to Paragraph 236 is required.

**FIFTH CAUSE OF ACTION**

237. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 237 is required.

238. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 238 is required.

239. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 239 is required.

240. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 240 is required.

241. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 241 is required.

242. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 242 is required.

243. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 243 is required.

244. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 244 is required.

245. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 245 is required.

246. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 246 is required.

247. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 247 is required.

248. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 248 is required.

249. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 249 is required.

250. The Court dismissed Count V of the Complaint (Dkt. 91), and thus no response to Paragraph 250 is required.

**SIXTH CAUSE OF ACTION**

251. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 251 is required.

252. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 252 is required.

253. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 253 is required.

254. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 254 is required.

255. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 255 is required.

256. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 256 is required.

257. The Court dismissed Count VI of the Complaint (Dkt. 91), and thus no response to Paragraph 257 is required.

**SEVENTH CAUSE OF ACTION**

258. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 258 is required.

259. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 259 is required.

260. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 260 is required.

261. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 261 is required.

262. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 262 is required.

263. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 263 is required.

**"Unlawful Prong"**

264. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 264 is required.

**"Unfair Prong"**

265. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 265 is required.

**"Fraudulent Prong"**

266. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 266 is required.

267. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 267 is required.

268. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 268 is required.

269. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 269 is required.

270. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 270 is required.

271. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 271 is required.

272. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 272 is required.

273. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 273 is required.

274. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 274 is required.

275. The Court dismissed Count VII of the Complaint (Dkt. 91), and thus no response to Paragraph 275 is required.

**PRAYER FOR RELIEF**

Defendants deny any allegations contained in the Prayer for Relief and further deny that Plaintiffs or any putative class members are entitled to any of the relief requested or to any other relief.

**JURY DEMAND**

Defendants admit that Plaintiffs purport to seek a jury trial. Defendants deny that Plaintiffs are entitled to a jury trial on any or all of their claims.

**DEFENSES**

Without assuming the burden of proof where such burden properly rests with Plaintiffs, Defendants specifically and expressly reserve the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

1. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs lack standing under Article III of the Constitution.

3. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because they are brought in an improper venue.

4. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because they are preempted by federal law, including but not limited to the Medicare Act.

5. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they assigned their benefits relating to the services at issue in this lawsuit.

6. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable statute of limitations has lapsed.

7. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any contractual limitations period has lapsed.

8. Plaintiffs' alleged injuries and damages and the injuries and damages of the putative class members, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault of the Plaintiffs themselves.

9. Plaintiffs' alleged injuries and damages and the injuries and damages of the putative class members, if any, were proximately caused or contributed to, in whole or in part, by the acts and/or omissions of third parties.

10. Defendants acted reasonably and within acceptable industry standards, in good faith, and in compliance with applicable laws and regulations.

11. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to timely and/or completely exhaust the administrative and/or contractual appeals process before pursuing their claims through this litigation.

12. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they seek coverage for treatment that is not covered under the terms of any provisions of their plans.

13. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that they have insurance coverage through another plan that is primarily or otherwise responsible for the benefits and damages they seek.

14. Plaintiffs' claims and the claims of the putative class members are barred to the extent the challenged conduct or statements occurred outside the scope of agency or vicarious liability. By way of example only, Plaintiffs' claims fail to the extent they rely on statements by medical service providers who did not have authority to modify policy terms and/or coverage in the way that Plaintiffs contend.

15. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they have not suffered any actual injury or damage.

16. Plaintiffs' claims and the claims of the putative class members are barred in whole or in part because Plaintiffs and the putative class members failed to mitigate their alleged damages.

17. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered has already been redressed.

18. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they were released in settlements or other agreements.

19. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

20. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

21. The claims asserted in the Complaint are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22. Plaintiffs' claims cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances.

23. Plaintiffs' liability and damages theories are barred, in whole or in part, by the common law filed rate doctrine.

**Formatted:** Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 1" + Indent at: 1.25"

~~23.~~24. Defendants expressly and specifically reserve the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 1" + Indent at: 1.25"

Dated: ~~April 17~~August XX, ~~2025~~2026

DORSEY & WHITNEY LLP

By /s/ ~~Shannon L. Bjorklund~~DRAFT
Nicole Engisch (#0215284)
engisch.nicole@dorsey.com
Michelle S. Grant (#0311170)
grant.michelle@dorsey.com
Shannon L. Bjorklund (#0389932)
bjorklund.shannon@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Nicholas J. Pappas (*pro hac vice*)
Pappas.nicholas@dorsey.com
DORSEY & WHITNEY LLP
~~51 West 52nd Street~~
1301 Avenue of the Americas, Floor 13
New York, NY 10019-6119
Telephone: (212) 415-9387

*Attorneys for Defendants*

| Summary report: Litera Compare for Word 11.16.0.74 Document comparison done on 8/10/2026 1:23:03 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4897-4681-0423/3/2025-04-17 DRAFT Def's Am Answer to Am Complaint.docx | |
| **Modified DMS:** nd://4908-8466-0404/1/2026-06-XX - Defs.' Proposed Amended Answer - Clean.docx | |
| **Changes:** | |
| Add | 12 |
| ~~Delete~~ | 8 |
| ~~Move From~~ | 0 |
| Move To | 0 |
| Table Insert | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 20 |